# Chewning *v.* Ensley Railway Co.

*Action by Passenger for Personal Injuries.*

1. *Contributory negligence as the result of forgetfulness or inadvertence.*—A person familiar with the location of the tracks and the stopping place of trains, who, while momentarily expecting a train in the night time, and while watching a train on another road "inadvertently" or "unconsciously" steps backward on a track in front of an engine carrying a headlight which he could have seen when 200 feet away and which was running so slow that it stopped within 15 feet of the place of striking him, is guilty of such contributory negligence as will bar a recovery for the injury so received.

2. *Wanton or intentional negligence.*—The failure of a railroad company to prepare a station house for the comfort of passengers, or to have the place lighted, does not constitute such wanton or intentional negligence as will overcome the defense of contributory negligence, when sued by one who being familiar with the location of the tracks and the stopping place of trains, and while watching another train is injured by inadvertently, or from forgetfulness, stepping backward on a track and in front of an approaching engine which caused his injuries.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellant against the appellee to recover damages for permanent injuries to the plaintiff, who was a passenger waiting for the train on the

defendant's road, at a regular stopping place, when the injury was inflicted. There was judgment for the defendant, and plaintiff appeals.

This is the second appeal in this case, and the facts are substantially the same as disclosed in the former report found in the 93 Ala. 24. The particulars in which the facts on the second trial differ from those on the former trial are sufficiently stated in the opinion; as are also all the other necessary facts.

ARNOLD & EVANS, for the appellant.

HEWITT, WALKER & PORTER, for the appellee.

COLEMAN, J.—Nearly every material question presented by the present record was adjudicated on a former appeal of the case.—*Ensley Railway Company v. Chewning*, 93 Ala. 24. Upon the facts presented, this court then held, that as a matter of law the plaintiff was guilty of contributory negligence. On the last trial, from which this appeal is prosecuted, the trial court charged the jury as a matter of law, that plaintiff was guilty of contributory negligence, and the correctness of this charge involves the material question at issue. All the evidence upon this aspect of the case, except that given by plaintiff himself, shows that he was guilty of such contributory negligence as to defeat any recovery, and it is to be considered whether the variance in his own testimony on this trial from that given at the former, if credited, would authorize a jury to infer a contrary conclusion.

On the former trial the plaintiff testified that he was awaiting defendant's train to take passage and had been standing on defendant's track for a minute or a minute and a half, and was looking in a contrary direction, when he was struck by the engine. On the present trial he testified that he had not been standing more than "fifteen seconds before he was struck;" "that he did not know he was on the cross-ties;" "and that he had stepped back *unconsciously*," when he was struck. A considerable portion of the argument is based upon the use of the word "unconsciously" by the witness. When construed in connection with the other facts of the case and with plaintiff's own testimony, this word thus used is synonymous with "absentmindedness," "forgetfulness," "inadvertence." It is conclusively proven and admitted by plaintiff, that he was perfectly familiar with the location of defendant's track, and the stopping place of the

train. It is also proven and admitted by plaintiff, that he had moved up the track some thirty feet in the direction from where the train was expected, to a point beyond the usual stopping place of the engine, that the train was momentarily expected, and that it could be seen for a distance of two hundred feet and that it had on a headlight. That the speed of the train did not exceed eight miles an hour, and stopped within fifteen feet of the place where he was struck. This is in substance plaintiff's testimony. The excuse is that, at the particular time, he was watching the approach of a train on another track and "unconsciously" stepped back on the track of the defendant, when he was injured. Under all the decisions of this State, he was guilty of contributory negligence. In the case of *Hall v. L. & N. R. R. Co.*, 87 Ala. 719, the rule is thus declared "if he has been sufficiently warned or notified, and from inattention, indifference, absentmindedness, or forgetfulness, he fails to inform himself, or fails to take the necessary steps to avoid the injury this is negligence, and he should not recover." Hall was an employe of the defendant, but the rule as to "absentmindedness" or "forgetfulness" is equally applicable to all persons. No one is permitted to go upon or stand upon a railroad track without first looking or listening for an approoching train, and if he does so, and is injured in consequence, he is guilty of contributory negligence.—*Webb v. L. & N. R. R. Co.*, 90 Ala. 185; *Ib.*, 97 Ala. 308.

The facts are stated more fully in the former opinion (93 Ala., *supra*), and except in the particulars mentioned are the same as proven on this trial. The law upon either is the same, and the court did not err in charging the jury that plaintiff was guilty of contributory negligence. On the former trial, upon the facts, this court held that the omission to prepare a station house for the comfort of passengers, or to have the place lighted up did not constitute such wanton or intentional negligence as to overcome the defense of contributory negligence, conceding that the omission was simple negligence. There is nothing in the present record which calls for a different conclusion. The rulings of the court as to wanton or intentional negligence was free from error, and the question was fairly and correctly left to the jury. During the progress of the trial, on cross-examination, the plaintiff asked the engineer, if he did not say in the presence of Kent and Rowland after the injury had been inflicted that "you would pull the train up and run over him." There is no pretense that the engineer was guilty of any such wilful or wanton misconduct. It was simply a declaration of

the engineer, if such was made, after the injury, as to a future act, that was proposed to be proven. It was entirely incompetent to show that a past act was wantonly or wilfully done, by the subsequent declaration of the engineer. We do not decide, that the question might not have been asked for the purpose of impeaching the testimony of the engineer if propounded for this purpose. But leaving out the testimony of the engineer altogether and plaintiff's case would not be strengthened.

We have seen that according to all the evidence, including his own, that plaintiff was guilty of contributory negligence, and there is no evidence excluding or including that of the engineer, which tended to show wilful or wanton negligence on the part of the defendant.— *Ga. Pac. R. R. Co. v. Lee,* 92 Ala. 262; *Ala. Gr. So. R. R. Co. v. Hill,* 93 Ala. 525; *L. & N. R. R. Co. v. Webb,* 90 Ala. 185; 97 Ala., *supra; Stringer's Case v. Ala. Min. R. Co.,* 99 Ala. 397.

There is no error in the record available to plaintiff.
Affirmed.