# Bains *v.* Dank.

### Damages to Person and Property.

(Decided February 8, 1917. 74 South. 341.)

1. **Landlord and Tenant; Repairs; Duty to Make.**—In the absence of agreement between the parties, a landlord need not keep the demised premises in repair.

2. **Landlord and Tenant; Repairs; Duty of Landlord.**—Where a landlord voluntarily at the tenant's request undertakes to make repairs, he is liable for injuries which may result from the negligent manner in which the work is done, even though not bound to make such repairs.

3. **Master and Servant; Injury to Third Persons; Independent Contractor.**—Where the agent of the lessor on the request of the lesse agreed to repair the roof of the demised premises, and ordered the work done by a reliable independent contractor, he is not liable for injuries to the tenant or her property resulting from the negligence of the independent contractor.

4. **Appeal and Error; Review; Questions for Determination.**—Where defendant's motion for a directed verdict was improperly denied as to one count of the complaint, the question whether the evidence warranted a verdict against defendant on the other count need not be determined on appeal.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Sarah Dank against H. L. Bains. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

.In the first count of the complaint the plaintiff (appellee here) sought recovery of damages for injury to her personal property, and also to her person, occasioned by a rainfall through the roof of the house she occupied in the city of Birmingham. The count alleged that the defendant was the agent in charge of said house and in having it repaired he "negligently allowed the said repair work to be so negligently done that said house, or a portion thereof, was not covered, and as a proximate consequence thereof the rain fell upon and damaged the plaintiff's personal property," etc.

In the second count it is alleged that the defendant "negligently failed to promptly send out paper or other covering for said house, as it was his duty to do, and as a proximate consequence thereof the rain fell upon and inpured her personal property," etc.

By way of special pleas the defendant set up that he was the agent for one McGhee, owner of the property referred to in the complaint, and that as such agent, and with the consent and authority of the owner, he agreed at plaintiff's request to put a new roof on the house and contracted with the firm of Bates & Bumpus for the work. The said firm was generally reputed to be reliable and competent, and, beyond supplying the necessary material, defendant had nothing further to do with the job; but the contractors were to turn the completed job over to him as agent for the owner, and said firm was responsible as independent contractors for any negligence done or permitted while the repair work was being prosecuted. To these pleas demurrers were interposed separately and severally by the plaintiff, and the demurrers being overruled, issue was joined on the plea of the general issue and the special pleas.

The evidence was without dispute that the defendant was requested by plaintiff to have the new roof put on the house, and that, further than contracting with said firm for the job and furnishing the necessary material, defendant had nothing more to do with it. He gave the order for the material to be sent to

the premises on June 26, 1914, and the work was begun on the morning of July 2d thereafter.   The reliability of the firm from which said material was ordered was not questioned at the trial, and likewise that the contractors were competent and reliable was without dispute.   When the work was begun the sheeting needed was already on the ground, but the roofing material had not then arrived, and the evidence showed that while the roof was partly uncovered during the progress of the work a heavy rain fell, damaging plaintiff's property, and also causing personal injuries.   It was without dispute, however, that the roofing material had arrived and was being put on before the rain fell, and it was also undisputed that the defendant did not know when the contractors were to begin the repair work nor that they had begun it.   The record shows that a separate suit against the contractors, Bates & Bumpus, is now pending.

The affirmative charge requested by the defendant as to each count of the complaint was refused, and motion for a new trial denied.   Verdict and judgment for plaintiff, and defendant appeals.

JAMES A. MITCHELL for appellant.   FRANK S. ANDRESS for appellee.

GARDNER, J.— (1) It is a well-recognized rule in this state that, in the absence of any agreement between the parties, the landlord is under no obligation to keep the demised premises in repair, and that the rule of caveat emptor applies in regard to leases.—*Morgan v. Sheppard*, 156 Ala. 403, 47 South. 147; *Hart v. Coleman*, 192 Ala. 447, 68 South. 315; *Anderson v. Robinson*, 182 Ala. 615, 62 South. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829.

(2) In the present case no agreement on the part of the landlord to keep the premises in repair is shown to have existed, and none was set up in the pleadings in the cause.   The above-mentioned rule is therefore applicable here, and the landlord was under no obligation to make the repairs.   Notwithstanding this, however, if he voluntarily, at the tenant's request, undertakes to make the repairs, he is liable for any injuries which may result to the latter from the negligent manner in which the work is done.—24 Cyc. 116; 1 Tiffany, Landlord & Tenant, p. 608.

(3) The general rule that the owner or proprietor is not liable for the negligent acts of an independent contractor is well

[Bains v. Dank.]

established in this state.—*Chattahoochee & G. R. R. v. Behrman,* 136 Ala. 508, 35 South. 132; *Massey v. Oates,* 143 Ala. 248, 39 South. 142; *So. Ry. v. Lewis,* 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77; *Montgomery St. Ry. v. Smith,* 146 Ala. 316, 39 South. 757. There are, of course, exceptions to this general rule, but with such we are not here concerned. In regard to its application to the relationship of landlord and tenant where the repairs on leased premises are committed by the landlord to an independent contractor, Mr. Tiffany, in his work on Landlord & Tenant (volume 1, p. 610), says: "The general rule is that for the acts of such contractor not under the control of his employer the latter is not liable; but this rule is subject to a number of exceptions, the extent and application of which raise questions of difficulty, and the uncertainty and confusion which exists in other connections in this respect are fully present in the decisions rendered as between the landlord and tenant."

In discussing such exceptions the author cites many authorities, all of which we have carefully examined, and we find that this case does not come within any well-recognized rule of exception. The general rule therefore finds application here.

That Bates & Bumpus were independent contractors is clear from the undisputed evidence, and this was so recognized by the trial court.—*Harris v. McNamara,* 97 Ala. 181, 12 South. 103; *Republic I. & S. Co. v. Luster,* 192 Ala. 501, 68 South. 358. The evidence shows that the work was being done by said firm as independent contractors, and if there was any negligence on their part (a question upon which we would indicate no opinion), the landlord would not be liable therefor. The repair work was being made gratuitously on the part of the landlord at the tenant's request. The evidence is without dispute that the contractors were entirely competent and reliable. Discussing a case similar in principle, and after referring to the general rule above noted as to immunity from liability on the part of the owner for negligence of an independent contractor, the Supreme Court of Illinois, in *Jefferson v. Jameson & Morse,* 165 Ill. 138, 46 N. E. 272, said: "The fact that appellee was a tenant of appellant, occupying the building where the repairs were made, does not, in our opinion, make this case an exception to the general rule heretofore announced. Appellee contracted in writing with appellant, for a certain consideration therein expressed, that the improvement or repairs might be made. Having agreed that the

[Bains v. Dank.]

repairs might be made, it occupies no better position, so far as. its rights to recover damages is concerned, than a stranger. In other words, after appellee contracted that the work might be done, it and appellant, so far as the work was concerned, occupied the position of strangers to each other."

The first count rested for recovery upon the allegation of negligence as to the repair work. As before stated, this work was being done by independent contractors, and the pleas to said count setting up immunity from liability for this reason were established without conflict. It results, therefore, that the affirmative charge was due the defendant as to count 1 of the complaint.

(4) As the cause must be reversed, we need state no definite conclusion as to the second count of the complaint, relying upon the negligence of the defendant in failing to promptly have the roofing delivered on the premises. We might add, however, that the evidence shows that the material was ordered by the defendant from materialmen whose reliability was not questioned on the trial, and the order was made several days before the work was begun. Aside from this, the record discloses that the roofing was delivered on the day the work was commenced, and that it arrived and was being put in place before the rain fell. It nowhere appears that delay in the repairing of the roof was due to any failure on defendant's part to more promptly deliver the roofing material. We are therefore inclined to the view, without expressly decided the same, that the evidence found in this record in support of count 2 is of too uncertain and conjectural a nature upon which to rest a judgment against the defendant. We are also inclined to the view, though this is unnecessary to be decided, that the demurrer to the complaint taking the point that it failed to allege by what right or authority plaintiff was occupying the house, was well taken. We merely direct attention to this question as a matter of pleading.

The judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.