(101 So. 828)
**SPANGLER v. HOBSON et al. (6 Div. 231.)**

(Supreme Court of Alabama. Oct. 30, 1924.)

**1. Landlord and tenant ⚍162—Under lease, lessor held not bound to repair septic tank.**

Under lease relieving lessor of duty of making repairs and exempting him from liability for damage because of defects, he was not bound to repair septic tank which overflowed.

**2. Landlord and tenant ⚍169(11)—Negligence of landlord in gratuitous repair of septic tank held inferable and refusal of affirmative charge proper.**

Where landlord gratuitously undertook to repair septic tank, and there was evidence that overflow was concentrated, and left exposed, negligence could be inferred, and refusal of affirmative charge was proper.

**3. Landlord and tenant ⚍168(1)—Tenant's failure to repair defective septic tank held not to preclude recovery of damages for landlord's negligence in repairing.**

Tenant's failure to repair defective septic tank did not preclude recovery of damages for negligence of landlord in making gratuitous repair, but only affected amount of recovery.

**4. Landlord and tenant ⚍169(3)—Tenant, recouping damages for negligent repair of septic tank by landlord, not entitled to show defective water supply.**

In action for rent, where defendant's plea of recoupment on negligence of landlord in repairing defective septic tank, permitting defendant, over objection, to show that trouble and annoyance arose concerning water pipe line, and that water was cut off for three weeks, was prejudicial error.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for rent by C. W. Spangler against E. E. and Bessie M. Hobson. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Reversed and remanded.

W. K. Terry, of Birmingham, for appellant.

There was no implied covenant on the part of the lessor as to condition of the premises. Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; 1 Tiffany on Landlord & Tenant, 556, 574; Bullock, etc., Co. v. Coleman, 136 Ala. 610, 33 So. 884. The landlord is not liable for a defect existing at the execution of the lease or developing during its term, which he attempts to remedy and is unsuccessful. Tiffany, supra; Rhoades v. Seidel, 139 Mich. 608, 102 N. W. 1025; Davis v. Smith, 26 R. I. 129, 58 Atl. 630, 66 L. R. A. 478, 106 Am. St. Rep. 691, 3 Ann. Cas. 832; Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829; Wynne v. Haight, 27 App. Div. 7, 50 N. Y. S. 187. The tenant cannot recover for damages he might have avoided. Tiffany, supra; Smith v. Hallock, 210 Ala. 529, 98 So. 781; Reynolds v. Gt. Northern, 69 F. 808, 16 C. C. A. 435, 29 L. R. A. 695; 24 Cyc. 1121; Quinn v. Perham, 151 Mass. 162, 23 N. E. 735.

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Haley & Haley, of Birmingham, for appellees.

A landlord is liable if he undertakes to repair and does so negligently. Bains v. Dank, 199 Ala. 250, 74 So. 341; 24 Cyc. 1116.

GARDNER, J. Action in assumpsit for rent due from appellees to appellant. The only defense interposed was that of recoupment. Upon submission of the issue to a jury there was verdict for defendants, and from the judgment following the plaintiff has prosecuted this appeal.

[1] The defendants entered and occupied the premises of plaintiff in March, 1922, under a written lease, and in May, 1922, the septic tank overflowed, creating offensive odors, and the plaintiff was notified thereof. There was no provision in the lease requiring the lessor to make any repairs, but on the other hand the contract expressly provided to the contrary, and exempted the lessor from liability for any "damage which may accrue on account of any defect in said buildings or premises, or from wind, rain, or other causes." There was therefore no duty resting upon the plaintiff to make the repairs. Bullock-McCall-McDonnell Electric Co. v. Coleman, 136 Ala. 610, 33 So. 884; Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; Smith v. Hallock, 210 Ala. 529, 98 So. 781; Hallock v. Smith, 207 Ala. 567, 93 So. 588.

Nor was there any effort to establish liability upon the principle that there was a defect in the premises at the time of the letting, known to the landlord and concealed by him from the tenant. Hallock v. Smith, supra.

The landlord, however, in the instant case gratuitously undertook to remedy the condition, and the trial court submitted the cause to the jury upon the principle that when a landlord, though gratuitously, undertakes to make the repairs he is liable for injuries resulting from negligence of himself or servants in making such repairs. Bains v. Dank, 199 Ala. 250, 74 So. 341; 1 Tiffany on Landlord and Tenant, pp. 608, 609, and authorities supra.

[2] Counsel for appellant insist, however, that no negligence is shown, but only at the most that the repairs were inefficiently made, citing 1 Tiffany on Landlord & Tenant, p. 609, and Wynne v. Haight, 27 App. Div. 7, 50 N. Y. S. 187. In the effort to remedy conditions a ditch was dug and pipe laid therein so as to convey the overflow from the tank several feet further from the house, but some of it continued to flow into the ditch, and the pipe conveyed the overflow into a hole which was not entirely covered. There was evidence tending to show that thereby mosquitoes were increased and the odors made worse, and the situation thus aggravated.

[3] We are of the opinion the evidence was sufficient from which the jury could infer negligence in thus concentrating the overflow and leaving the same exposed, and the affirmative charge was properly refused. Nor did defendant's failure to themselves remedy the condition preclude them from recovery of any damages, but, in any event, under the evidence here shown, would only affect the question of the amount of recovery on the plea of recoupment. 17 Corpus Juris, 770; Werten v. Koosa & Co., 169 Ala. 258, 53 So. 98; King L. & I. Co. v. Bowen, 7 Ala. App. 462, 61 So. 22. Moreover, we are inclined to the view that, what an ordinarily prudent person might be expected to do, under the circumstances here shown, was a jury question. 17 Corpus Juris, supra.

[4] What has been said in regard to the rental contract in the light of our decisions suffices to show that defendant's plea of recoupment rests, under the evidence here presented, upon the negligence of the landlord in and about the making of the septic tank repairs, and upon no other ground. The trial court, however, over plaintiff's objection, permitted defendant to show that the water pipe line furnished was a joint pipe line with one Vaughan, and that trouble and annoyance arose over the fact. The rulings on this question of evidence constitute assignments of error 12 and 13. In this the court erred, as that was a matter irrelevant to any issue presented. Subsequently defendant enlarged upon this fact, and showed that as a consequence thereof the water was cut off for a period of three weeks. The error was prejudicial to the plaintiff, and the admission of this proof must work a reversal of the cause.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.