(136 So. 845)

## TEXAS CO. v. PARKER.
### 7 Div. 732.

Court of Appeals of Alabama.
May 12, 1931.

Rehearing Denied June 16, 1931.

Bradley, Baldwin, All & White, of Birmingham, and O. R. Hood, of Gadsden, for appellant.

Dortch, Allen & Dortch, of Gadsden, for appellee.

RICE, J.

Appellee sued appellant for damages on account of injuries received by him in an explosion which took place in a gasoline filling station located in Gadsden.

The case was tried before a jury, and a verdict was returned for the plaintiff in the amount of $750. From the judgment rendered thereon, this appeal is prosecuted.

There were two counts, only, of the complaint, submitted to the jury.

These counts set up, briefly, that defendant (appellant) had equipped the premises where the explosion occurred for a filling station, where the public was invited to come and buy gas and oil, and that on a certain date plaintiff (appellee) went there to obtain gas and oil, etc., and was injured by an explosion; that his injuries and damages were proximately caused by the negligence of the defendant in causing alterations in the equipment to be made negligently, so as to allow gas fumes to escape, rendering the premises dangerous, etc.

There are no questions presented as to the pleadings; in fact, no question as to anything, other than as to the propriety, vel non, of the trial court's refusal to give at appellant's request the general affirmative charge in its favor. And error in this regard is argued by appellant to rest upon the sole ground of the total failure of the evidence to afford an inference that appellant, or its authorized agents or servants, were in any way responsible for the condition of said premises which caused, proximately, appellee's injuries.

As stated by appellant's counsel: "Two questions must be answered to decide this case. First, what act or omission caused the plaintiff's injuries? And, second, whose act or omission caused them?"

It was shown that appellant had let, under a written lease, the premises in question, to one W. W. Fox, for the admitted purpose of being operated as a place for the sale of appellant's products—gas, oil, etc. And appellant would escape liability on the familiar principle that the lessee, in possession, and not the landlord, is responsible for injuries, etc., unless brought about by latent defects, etc., caused to third persons by defects in the premises, etc. Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; Hallock v. Smith, 207 Ala. 567, 93 So. 588.

■ But it is just as well understood, in fact admitted by counsel for appellant in this case, that "where a landlord voluntarily at the tenant's request undertakes to make repairs, he is liable for injuries which may result from the negligent manner in which the work is done, even though not bound to make such repairs." Bains v. Dank, 199 Ala. 250, 74 So. 341; Spangler v. Hobson, 212 Ala. 105, 101 So. 828.

■ Answering the first of the questions stated hereinabove, we observe that there seems no doubt that appellee's injuries were caused by the explosion of gas, precipitated when appellee struck a match in the "office" of the gasoline filling station, in order to light a cigar. And that this gas had been allowed to accumulate in the office by reason of an opening left in a pipe running up from the gasoline tanks, underground, by or through said office, etc.

There appears to have been a degree of informality in the manner in which the said W. W. Fox operated the station in question, under the lease from appellant. That is, it was admitted that the said lease did not contain all the terms of the agreement between Fox and the appellant; that the amount of rental paid by him was not that stated in the lease, etc.

Just prior to the occasion upon which appellee was injured. Fox had requested appellant to change the "pumping system" at the station from what they call, in the testimony, a vacuum system, to another.

It appears that appellant granted the request, and, a few days before the date of the explosion in which appellee was injured, had its agents to remove one of the vacuum pumps, etc. The agent (plumber) of appellant who did this, went away, it seems, leaving a tank, or something of the sort, in the office, which was rendered useless, and a mere incumbrance, after the change the plumber had made.

Some of the Fox's employees at the station disconnected, under Fox's directions, this tank, etc., thus leaving the opening in the pipe, through which the gas fumes entered the office.

The above opening was made several days before the day of the explosion; the same appears to have been made as indicated; the

no longer needed tank, etc., could only be removed by "disconnecting" it, as aforesaid; appellant's authorized agent was "about there" (meaning the premises) when the same was disconnected as above; appellant's authorized agents removed said tank, etc., after it was so disconnected; they were there, or some of them were, each day, for the several days intervening between the time of the making of said "opening," and the day of the explosion.

We will not undertake to set out each bit of testimony which we think justifies the conclusion we have reached. But the court has read the entire evidence, sitting en banc, and we are of the opinion, and hold, that there was at least a scintilla of evidence indicating that the opening made, negligently. as appears, through which the fumes causing the explosion were allowed to enter the office, was made by those who, for the time being at least, were the responsible agents or servants of appellant. If appellant could not be said, under the testimony, to have directed the making of said opening, it at least consented to the same, and ratified or adopted, without protest, the act of those making it.

There was no error in refusing to give at appellant's request the said general affirmative charge in its favor.

The judgment is affirmed.

Affirmed.