153 So. 425

ARLINGTON REALTY CO. et al. v. LAWSON.

6 Div. 534.

Supreme Court of Alabama.

March 8, 1934.

Holliman & Holliman and Stephen B. Coleman, all of Birmingham, for appellants.

Beasley & Conway, of Birmingham, for appellee.

BOULDIN, Justice.

In this cause the husband sues for damages by way of loss of consortium, resulting from personal injuries to the wife, charged to the negligence of defendants.

Count A of the complaint alleges, in effect, that defendants leased a residence to plaintiff and wife; that defendants' agents, etc., acting within the line and scope of their employment, undertook to make certain changes or repairs on the premises, viz., disconnect the hot water heater equipment installed on the premises, being a gas heater, and install necessary connections for heating water by the Arcola plant located on the premises; that defendants, or employees, so negligently conducted themselves in and about making such changes or repairs that inflammable gas was allowed to escape from a gas pipe previously connected with the hot water heater, in close proximity to the Arcola heater; that a gas explosion was the proximate result; and plaintiff's wife was injured by such explosion.

The allegations of an undertaking by the landlord, through servants, etc., to make repairs or changes in equipment, are sufficient to disclose a duty of reasonable care, and the general allegation of negligence is sufficient. Texas Co. v. Parker, 24 Ala. App. 365, 136 So. 845; Alabama Utilities Service Co. v. Hammond, 225 Ala. 657, 144 So. 822; Bains v. Dank, 199 Ala. 250, 74 So. 341.

Without dispute a gas heater had theretofore been installed and used by former tenants in heating water. The water tank was located near the Arcola in a small room. When plaintiff moved in the residence, the gas was cut off at the meter outside the rooms.

Plaintiff, in person, made connections for use of gas in the kitchen range, and turned on the gas at the meter. Soon thereafter, a gas explosion occurred in the Arcola room, inflicting the injuries complained of.

It developed that a gas service pipe, formerly connecting with the gas heater, had been left uncapped; hence, a flow of gas into the Arcola room, causing the explosion.

The primary inquiry in the case was placing the fault or negligence in leaving an open disconnected gas pipe, and turning on the gas while in that condition.

Without going into details, there was some evidence for plaintiff tending to show an undertaking by the landlord to disconnect the gas heating fixtures, and connect up the Arcola. This evidence was sharply controverted. The defendants' evidence denies any undertaking or agreement to deal with the gas connections in any way; tends to show the gas heater had already been disconnected and removed, that the Arcola was already connected, and the sole undertaking in this regard was certain repairs on the Arcola as a heating plant.

Whatever was done in this regard, it appears, was by a plumber, H. J. Hudson, on behalf of defendants. On examination of the plaintiff he testified that on the next day after the explosion and injury, Mr. Hudson came back to plaintiff's residence. In answer to the question: "What did he do on that occasion?" plaintiff testified: "He capped the gas inlet pipe in the Arcola room, and said he was sorry he left it off in making his changes, but had overlooked it."

Defendant promptly objected and moved to exclude the answer on the ground that any statement made by the plumber was not binding on defendant.

The objection was overruled and defendant excepted.

■ In this ruling the court erred. The declarations of an agent touching a past transaction for which his principal is being sued for his alleged negligence, are wholly without the line and scope of employment, and have been uniformly held inadmissible. Mobile Light & R. R. Co. v. Baker, 158 Ala. 491, 48 So. 119; Tennessee River Transportation Co. v. Kavanaugh Bros., 93 Ala. 324, 9 So. 395; Chewning v. Ensley Railway Co., 100 Ala. 493, 14 So. 204; Memphis & Charleston Railroad Co. v. Womack, Adm'x, 84 Ala. 149, 4 So. 618; Teague v. Alabama Coco-Cola Bottling Co., 209 Ala. 205, 95 So. 883; Bank of Phœnix City v. Taylor, 196 Ala. 665, 72 So. 264; Birmingham & A. Ry. Co. v. Campbell, 203 Ala. 296, 82 So. 546.

What we have written serves to show this evidence went to the vital question in the case. For the error in admitting such evidence, the judgment must be reversed and the cause remanded.

■ As to other questions raised on this appeal, it will suffice to say, that if Mr. Lawson, the plaintiff, was authorized by the gas company to turn on the gas at the meter, and from his agreement with defendants he had good reason to believe their plumber had looked after disconnecting the gas fixtures, and with no knowledge or reason to believe a gas pipe had been left open, he turned on the gas for use in the kitchen, this would not constitute an independent intervening cause of the injury, and thus relieve the defendants of the consequences of the negligence charged.

■ If, on the other hand, the gas heater had already been removed by the former tenant, and a gas pipe left open in the Arcola room, and one in the kitchen, and the plaintiff connected up the gas in the kitchen, and turned on the gas at the meter without looking out for other open pipes, and with no agreement which would lead him to trust the defendants' agent to look after the other pipe, his own negligence would be the sole proximate cause of the injury.

Under some conditions, such as a personal inspection by plaintiff before renting, and a discovery of the open gas pipe, the question of contributory negligence may become one for the jury.

■ If the landlord and its rental agent undertook connections involving the safety of the tenant and his family from the dangers of explosive gas, liability for negligence can-

not be avoided by committing the work to a plumber as an independent contractor. Looker v. Gulf Coast Fair, 203 Ala. 42; 81 So. 832; Drennen Co. v. Jordan, 181 Ala. 570, 61 So. 938, 23 A. L. R. 981.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.