It may be noted that said schedule expressly excepts "copper clad" material.

Though it be conceded that the materials constituting the cargo may have been "junk" or "scraps," neither the ingenuous argument of counsel nor the verdict of the jury could convert this "copper clad," secondhand machinery into "scraps or pieces of iron or steel."

It unmistakably appears from the bill of exceptions that the bills of lading were produced in court by plaintiff's counsel during the examination of its first witness, Campbell, who was called on to identify and did identify said bills of lading. They were then, on cross-examination of the witness, offered in evidence by the defendant.

■ The bill of exceptions also shows that McKee, who requested that the cars be placed, was not the consignee; that the request was made, not to Witt, the agent of the company who had authority to make the delivery, but to a subordinate in the office of the yardmaster, and the excerpt quoted from witness' (Witt) testimony in the application for rehearing, "They arrived consigned to Mr. McKee—our yardmaster called my office on Monday morning and stated that Mr. McKee had called him and asked him that those cars be placed on the Woodstock Cotton Mills' siding for unloading and wanted to know if it was all right to place them, and I authorized him to place them at that point for unloading," clearly shows that Witt was acting on the assumption that the request for placing the cars was by the consignee, McKee. It was not until Witt inspected the cars after they were so placed that he ascertained the plaintiff's connection with the transaction and made demand on it for the additional freight.

In these circumstances, it is clear that the railroad agent in authorizing the cars to be placed did not intend to deliver the shipments to the plaintiff.

The application is therefore overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

## ARLINGTON REALTY CO. et al. v. LAWSON.

### 6 Div. 644.

Supreme Court of Alabama.
June 6, 1935.

Holliman & Holliman and Stephen B. Coleman, all of Birmingham, for appellants.

Frederick V. Wells and Ingram Beasley, both of Birmingham, for appellee.

KNIGHT, Justice.

This cause was once before in this court, on appeal by the present appellants. Arlington Realty Co. et al. v. Lawson, 228 Ala. 214, 153 So. 425.

500.

On that appeal count A was alone before the court. We then held the count sufficient, and not subject to any grounds of the defendants' demurrer. The judgment of the circuit court was, however, for error in the admission of certain testimony, reversed and remanded.

On remandment of the cause, the defendants did not invoke any action by the court upon the demurrer to count A (so marked by us for convenience), but the trial proceeded upon pleas of the defendants, resulting in another verdict and judgment for the plaintiff.

It is now assigned for error that the court erroneously overruled the demurrers of the defendants. This ruling was a part of the judgment rendered on the first trial, and, of course, was set aside and annulled by the former decision of this court, reversing the judgment of the trial court. The record, as above pointed out, does not show any ruling on the demurrer subsequent to the reversal.

It follows that the rulings on demurrer, now pressed for reversal, are not properly presented for review. The appellants can take nothing by their assignments of error involving the propriety of the court's ruling on the demurrer to count A. Alabama City, G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776; Greely-Barnham Grocery Co. v. Cottingham (Ala. Sup.) 39 So. 567; Cottingham v. Greely, 123 Ala. 479, 26 So. 514; Sellers et al. v. Dickert, 194 Ala. 661, 69 So. 604; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423.

However, we may say that, if the sufficiency of count A had again been tested by demurrer properly interposed, and acted upon in the court below since the last appeal, we would hold the complaint sufficient upon the authority of the decision on former appeal.

There is no bill of exceptions in the record, and no errors appearing in the record proper, it follows that the judgment of the circuit court is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.