171 So. 634

## PRUDENTIAL INS. CO. OF AMERICA v. ZEIDLER et al.

### 6 Div. 935.

Supreme Court of Alabama.

Nov. 19, 1936.

Rehearing Denied Jan. 14, 1937.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellant.

330

Erle Pettus, Sr., Erle Pettus, Jr., W. H. McGowen, and Benners, Burr, McKamy & Forman, all of Birmingham, for appellees.

THOMAS, Justice.

The case was submitted to the jury on counts G and I.

It is averred in count G, among other things, that plaintiff suffered personal injuries "proximately caused by the negligence of defendants' servants, agents or employees, while acting in line with, and within, the scope of their employment in that they did negligently maintain a guardrail or handrail at the entrance of an apartment building or upon a walkway or stairway leading thereto, to-wit, 1855 So. 21st street B'ham, Ala., in such condition as to be dangerous to children, and to be and remain upon their premises in said city of Birmingham, Alabama, in such condition as to be dangerous to children under the age of 8 years, and the plaintiff further avers that she was invited to be and to play around said stairway or guardrail and that the defendants, their servants, agents or employees either knew, or in the exercise of due diligence should have known, that said stairrail or guardrail was a place of great danger to plaintiff, and defendants were in charge and control of said walkway, stairway and guardway, and plaintiff further avers that on to-wit, July 17th, 1933, while on said premises by invitation of said defendants, their officers, servants, agents or employees, as such, the plaintiff slipped or fell or was caused to fall by the breaking of said rotten guardrail a distance of 12 or 15 feet to the rocks below, thereby suffering the wounds, injuries and damages set out in the first count of her complaint."

Count I claimed personal injury damages for the alleged breach of duty owing by defendants to the plaintiff as a member of the family of her father, who is alleged to be a resident *apartment tenant of the defendant,* in negligently allowing a defective handrail along a walkway on the rented premises to remain unrepaired to her resultant injury.

The defendants Prudential Insurance Company of America and Jackson Securities & Investment Company were required to plead to the counts on which the trial was had and which made the issues of fact for consideration by the jury, with the averred facts of plea 4 and the general issue.

We are of the opinion and hold that the issues presented and tried were those of an invitee vel non on the premises of a mortgagee-purchaser, and the negligence charged and averred in general terms, which proximately resulted in plaintiff's injury.

The method of pleading employed in this case—a general form of averment —obtains in this jurisdiction. Dwight Manufacturing Co. v. Holmes, 198 Ala. 590, 73 So. 933; Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31; Arlington Realty Co. et al. v. Lawson, 228 Ala. 214, 153 So. 425.

■ The general duty imposed by the law on the owner of premises is to be reasonably sure that he is not inviting another into danger, and to exercise ordinary care and prudence to render and keep his premises in a reasonably safe condition for invitees. Southern Railway Co. v. Bates, 194 Ala. 78, 69 So. 131, L.R.A.1916A, 510; Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Alabama By-Products Corporation v. Cosby, supra; Stephens v. Walker, 217 Ala. 466, 117 So. 22; Birmingham Electric Co. v. Kirkland, 218 Ala. 429, 118 So. 640; Williams et al. v. Bolding, 220 Ala. 328, 124 So. 892; Birmingham Amusements, Inc., v. Turner, 221 Ala. 242, 128 So. 211; Ellison v. Alabama Marble Co., 223 Ala. 371, 136 So. 787; Needham v. Birmingham Trussville Iron Co., 229 Ala. 452, 157 So. 849; Thompson on Negligence, § 1030; Bennett v. Louisville & Nashville Railroad Company, 102 U.S. 577, 579, 26 L.Ed. 235.

■ It is further established that to render a landowner responsible for the *mere condition of his property,* in the absence of an affirmative act calculated to inflict injury, invitation to the person injured must be implied from conduct amounting to more than sufferance, permission, or passive acquiescence in repeated trespasses. Needham v. Birmingham Trussville Iron Co., supra; Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 53 A.L.R. 1336; Atlantic Coast Line R. Co. v. Carter, 214 Ala. 252, 107 So. 218. And, in the absence of an agreement between the parties, a landlord need not keep the demised premises in repair. Bains v. Dank, 199 Ala. 250, 74 So. 341.

In Arlington Realty Co. et al. v. Lawson, 228 Ala. 214, 215, 153 So. 425, 426, where the landlord undertook to make repairs, the rule was thus stated:

"The allegations of an undertaking by the landlord, through servants, etc., to make repairs or changes in equipment, are sufficient to disclose a duty of reasonable care, and the general allegation of negligence is sufficient. Texas Co. v. Parker, 24 Ala.App. 365, 136 So. 845; Alabama Utilities Service Co. v. Hammond, 225 Ala. 657, 144 So. 822; Bains v. Dank, 199 Ala. 250, 74 So. 341."

And in Sovereign Camp, W. O. W. v. Feltman, 226 Ala. 390, 393, 147 So. 396, 399, it was observed:

"It is familiar law that a person causing an act to be done, the doing of which casts upon him a duty, cannot escape from the responsibility of performing his duty by committing the doing of the act to a contractor. Republic Iron & Steel Co. v. Barter, 218 Ala. 369, 118 So. 749. The defendant was responsible for the acts of Proud in accomplishing the act which his principal had undertaken. Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685; Sanders v. Gernet Bros. Lumber Co., 221 Ala. 469, 129 So. 46."

■ This court, in Sloss-Sheffield Steel & Iron Co. et al. v. Wilkes et al., 231 Ala. 511, 514, 515, 165 So. 764, recently considered the liability of the servant to third persons, holding that liability for omission to act depends upon whether due care in the performance of his duties makes it necessary for the agent to do the act which is omitted; that omission of the agent to enter upon the performance of his duties is not a negligent performance for which he is liable to third persons, but if he does enter upon the service, negligent performance may result from omitting to do what ought to be done as well as performing his duties in an improper manner. See, also, Wright v. McCord, 205 Ala. 122, 88 So. 150 (where this principle was carefully analyzed, following Mayer v. Thompson-Hutchison Bldg. Co., 104 Ala. 611, 16 So. 620, 28 L.R.A. 433, 53 Am.St.Rep. 88).

■ It has been declared by many cases in this court that it is the generally accepted rule that, when real property is leased, "it is taken as it stands," under the doctrine similar to that of caveat emptor, without special covenant by the owner or his authorized agent, to the making of repairs or improvements ("the lessee's eyes are his bargain," Adler v. Miller, 218 Ala. 674, 120 So. 153, 154; Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L.R.A. 1917F, 997; Moore v. Weber, 71 Pa. 429, 10 Am.Rep. 708), there being no concealment of known latent defects, or maintenance of a nuisance, by the lessor. Hart v. Coleman, 201 Ala. 345, 78 So. 201, L.R.A.1918E, 213. The modern decisions generally do not imply covenants which ought to be expressed if so intended by the parties. And of the class of covenants that are not implied is that the lessor will make additions, alterations or repairs of real property that is let, subject to inspection. Sheets v. Selden, 7 Wall. 416, 423, 19 L.Ed. 166, 168; Gill v. Middleton, 105 Mass. 477, 7 Am.Rep. 548; Notes, L.R.A.1918E, 218, L.R.A.1916D, 1227, 34 L.R.A.(N.S.) 805. This is on the presumption or assumption that the lessee knew the facts or condition

of the premises leased, in so far as it was obvious.

■ It follows, from the reason of the decisions, that the extent or authority of lessor's agent to lease the premises cannot be presumed to imply authority to that agent to represent that of which the lessee had or was charged with knowledge.

The rule as to the renting of real property and the lack of implied authority or obligation to bind the landlord to repair and subject him to damages for the failure thereof was well-stated by the present Chief Justice in Morgan v. Sheppard, 156 Ala. 403, 47 So. 147, to the effect that, in the absence of an agreement by the landlord to repair, a tenant may not recover the reasonable cost of necessary defects or repairs made by him, or for damages received on the leased premises on which he has "created no nuisance," nor latent defects; and in Anderson v. Robinson, 182 Ala. 615, 620, 62 So. 512, 513, 47 L.R.A. (N.S.) 330, Ann.Cas.1915D, 829, decided by the same writer, the decision in Morgan v. Sheppard was reviewed, and it was declared as settled by the weight of authority "that the landlord is not liable in tort for injuries to said class [tenant, family, servant or guest], whether there be a covenant to repair or not, unless the defects existed at the time of the letting, were known to him, and which he concealed from the tenant." This case (Morgan v. Sheppard) was likewise followed in Hart v. Coleman, 192 Ala. 447, 68 So. 315, and in Bains v. Dank, 199 Ala. 250, 252, 74 So. 341, where the landlord undertook to make repairs, may be held liable for injuries resulting from the negligent manner of the work. Hallock v. Smith, 207 Ala. 567, 93 So. 588; Smith v. Hallock, 210 Ala. 529, 98 So. 781; Spangler v. Hobson, 212 Ala. 105, 101 So. 828; Abbott v. Ala. Power Co., 214 Ala. 281, 107 So. 811.

An implied warranty gives no right of action for a breach, when the "defect complained of was present and visible to the senses, or open to ordinary observation." Hafer v. Cole, 176 Ala. 242, 247, 57 So. 757, 759.

In Charlie's Transfer Co. v. Malone, 159 Ala. 325, 333, 48 So. 705, it was declared that when there is a *concealed defect* (known to the *lessor)* attended with damage to the tenant, and which a careful examination by the tenant or proposed lessee would not discover, the lessor is bound to reveal that defect or condition, in order that the lessee may guard against the same.

Gulf Electric Co. v. Fried, 218 Ala. 684, 685, 687, 119 So. 685, 688, held that "the rule that holds the principal liable for his agent's fraud, tort, or negligence, though committed without the principal's participation or consent, if it is done in the course of his employment, and is not a willful departure from it, is one of general acceptation and sustained by the great weight of authority, and, as to third persons affected by the agent's acts or words, it is sufficient if he acts within the apparent scope of his authority."

Such are the general authorities touching the liability of a landlord to a tenant, where the landlord has immediate and active charge of the premises; his possession and supervision being expressed or implied by that agency.

It is apparent from the foregoing authorities that the liability (if and when it exists) of the principal, owner, or landlord of leased premises to third persons for damages, defects, or improper maintenance, and the liability of the immediate agent in charge of those premises, arise out of different negligent acts or omissions as to such subject-matter. McMahon v. Chicago, B. & Q. R. Co. (Mo.App.) 277 S.W. 356. The rule of our cases (such as Walker v. St. Louis-San Francisco Ry. Co., 214 Ala. 492, 108 So. 388; Hawkins v. Barber, 231 Ala. 53, 163 So. 608; Southern Ry. Co. v. Lockridge, 222 Ala. 15, 130 So. 557; Mayer v. Thompson-Hutchison Bldg. Co., 104 Ala. 611, 16 So. 620, 28 L.R.A. 433, 53 Am.St.Rep. 88; Wright v. McCord, 205 Ala. 122, 88 So. 150), however, does not apply as to Prudential Insurance Company of America and Jackson Securities & Investment Company.

■ The discharge of the agent company did not therefore release or discharge the principal, if there was liability, as the owner (mortgagee-purchaser) of the leased premises; and there was no error in the action of the trial court in overruling this phase of the motion for a new trial. The elimination of the Jackson Company singularized the averment of the complaint and limited it to the acts, liability, or agency of the remaining defendant (appellant) as charging the commission of the alleged damnifying act in question. Poole v. Fletcher (Ala.Sup.) 169 So. 868.[1] We

---

[1] Ante, p. 54.

therefore pass to the consideration of the important insistences made by the appellant as to its liability as owner and mortgagee-purchaser under the powers in its recent mortgage foreclosure, and before there was attornment.

Count G ascribed the result and damage to the "negligence of defendants' servants, agents or employees, while acting in line with, and within, the scope of their employment in that they did negligently maintain a guardrail or handrail at the entrance of an apartment building," etc.

Count I charges that "the defendants were engaged in the following business in Birmingham, Alabama, namely, the owning and operating of a building, to-wit, an apartment house, and defendants were in charge of same in the incorporated City of Birmingham, Alabama, located at, to-wit, Number 1855 South 21st street in said city and in connection with said apartment building or other apartment buildings owned and operated and controlled by said defendants or contiguous or adjacent thereto, defendants had a walkway running along or by said building where persons, including the plaintiff, were impliedly invited by defendants to walk or to pass, and the plaintiff avers that said defendants in connection with said walkway at a point where there was precipitous descent adjacent to and near said walkway of, to-wit, 12 feet, maintained a guardrail or handrail, and the plaintiff avers that said defendants so negligently conducted themselves in or about the management, operation or maintenance of said guardrail or so negligently permitted the same to be in a defective and dangerous and unsafe condition that the plaintiff on, to-wit, the 17th day of July, 1933, while along or upon said walkway by invitation, was thrown or caused to fall a distance of, to-wit, 12 feet to the rocks below by the giving away or breaking of said guardrail or handrail or support and thereby suffering the wounds, injuries and damages set out in the first count," etc.

That the plaintiff was an invitee and raised a duty is sufficiently alleged; and the negligence charged to the owner (mortgagee-purchaser) was averred in general terms. Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31.

The fact that premises are leased to different tenants and families and the walkways are reserved expressly or impliedly for their use in common with other or different tenants make such tenants and families using such common walkways invitees of the owner of the premises, if the relation of landlord and tenant exists. Mudd et al. v. Gray, 200 Ala. 92, 75 So. 468; 25 A.L.R. 1273 et seq.; Johnson v. Hopkins, 213 Ala. 492, 105 So. 663.

That is to say, it may be further observed that the general authorities—state and federal—in this jurisdiction are to the effect that, "to the rule that a tenant takes the leased premises subject to defects not amounting to a trap, there is an exception to the effect that the owner of a building who leases it to different tenants, and expressly or impliedly reserves portions thereof, such as halls, stairways, porches, walks, etc., for the use in common of different tenants, is liable for any personal injury to a tenant, or a person in privity with a tenant, due to defects in the portion of the leased premises of which the landlord so retains control, *provided the defect is ascribable to the negligence of the landlord,* and the tenant or person injured is not guilty of contributory negligence." (Italics supplied.) 25 A.L.R. 1273; Mudd et al. v. Gray, 200 Ala. 92, 75 So. 468, 18 N.C.C.A. 359.

We have indicated that the counts and the facts on which the trial was had were predicated on the relation of landlord and tenant, and that plaintiff was an invitee of the defendants on premises owned or controlled by them or it, or by its authorized agents or employees; hence the pertinence of defendant's (appellant's) plea 4. It was to the effect that under its averred facts (Dwight Manufacturing Co. v. Holmes, 198 Ala. 590, 73 So. 933) plaintiff was not an invitee of this defendant (appellant) on the alleged premises when injured, but was a mere tenant at sufferance in so far as such mortgagee-purchaser at foreclosure was concerned; that is, she was subject to eviction at the will of the purchaser. Such is the analogy contained in Ellison v. Alabama Marble Co., 223 Ala. 371, 136 So. 787; Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 53 A.L.R. 1336; Atlantic Coast Line R. Co. v. Carter, 214 Ala. 252, 107 So. 218; Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L.R.A.1918F, 137; Mudd et al. v. Gray, 200 Ala. 92, 75 So. 468, 470; Southern Railway Co. v. Bates, 194 Ala. 78, 69 So. 131, L.R.A.1916A, 510; Montgomery & Eufaula Railway Co. v. Thompson, 77 Ala. 448, 54 Am.Rep. 72. The plaintiff was not within the authority of the decision in Mudd et al. v. Gray, supra, where the rule of the cases was

declared to be, "that the obligation of the landlord, * * * as to keeping in repair the stairway used in common by the *different tenants and controlled by the landlord,* extended not only to the tenant, but to his invitees, whether expressly or by implication." (Italics supplied.) 1 Tiffany on Landlord and Tenant, § 98; Alabama Great Southern Railway Co. v. Godfrey, 156 Ala. 202, 47 So. 185, 130 Am.St. Rep. 76; Southern Railway Co. v. Bates, supra.

The question recurs under this pleading and the evidence: Did the required relation of landlord and tenant within the rule exist at the time of the injury? We think not. When a lease of premises is made by a mortgagor subsequent and subordinate to the prior and accrued mortgage by the lessor, and that mortgage is foreclosed and purchased under due power by the mortgagee, *and no attornment or demand therefor is made, and no act of substitution of mortgagee-purchaser as landlord of that tenant* is done, then such tenant and his family remain on the premises at will, as *tenants at sufferance,* subject to eviction; they are not invitees of the mortgagee-purchaser while they so remain. Code, §§ 6849, 10143; Bank of Moundville v. Walsh, 216 Ala. 116, 112 So. 438; Connecticut General Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651; Sherrod et al. v. King, 226 Ala. 522, 147 So. 600; Federal Land Bank of New Orleans v. Farris, 226 Ala. 574, 148 So. 123; Bates v. Bank of Moulton, 226 Ala. 679, 148 So. 150.

There is yet another theory advocated which should be here considered. If it be held, as insisted, that one of the counts of the complaint declared for a nuisance, there was no liability. In the case of Ahern v. Steele, 115 N.Y. 203, 22 N.E. 193, 195, 5 L.R.A. 449, 451, 452, 12 Am.St.Rep. 778, Mr. Justice Earl observes of the duty to remove a nuisance committed or permitted by another, and allowed to remain or continue on recently acquired land without knowledge or notice, as follows:

"In Chit.Pl. 71, it is said that every occupier is liable for the continuance of a nuisance on his own land, though erected by another, if he refuses to remove the same after notice; and in 2 Chit.Pl. 333, note C, the author adds that if the action is not brought against the original erector of the nuisance, but against his feoffee, lessee, etc., it is necessary to allege a special request to the defendant to remove it.

"In Cooley, Torts, 611, the learned author says: 'A party who comes into possession of lands, as grantee or lessee, with a nuisance already existing upon it, is not in general liable for the continuance of the nuisance until his attention has been called to it, and he has been requested to abate it.'

"In 1 Hil.Torts (3d Ed.) 574, it is said 'that a person who continues a nuisance erected by another is liable therefor at the suit of any party damaged thereby, if he had knowledge of its hurtful tendency, or, more especially, if notified or requested to remove it.'

"In Moak, Underh.Torts, 253–255, the learned editor, with many citations of authorities to sustain him, says: 'Where premises are out of repair at the time they are leased in particulars which the landlord is bound, as against third persons, not to allow, the landlord is liable for any injuries sustained by a third person for such want of repair. But not even in such case if the tenant's use is what produces the injury.' 'A landlord who negligently or improperly constructs his premises, (as a dam), or, when they become defective, after notice suffers them to remain so, is liable to his tenant or a stranger, who, being himself free from fault, is injured thereby.' 'Where a lessee or grantee continues a nuisance of a nature not essentially unlawful, he is liable to an action for it only after notice to reform or abate it.'

"In Add.Torts (Wood's Am.Ed.) § 222, it is said that an action will lie against the landlord for a permanent nuisance, although the nuisance was created before the reversion came to him, i. e., if he knew of it and might have determined the tenancy before the injury happened, as in the case of a tenancy from year to year. 'If an action is brought against the originator of a nuisance, it is not necessary to demand the abatement or discontinuance of the nuisance before commencing the action; but if the action is brought against the mere continuer of a pre-existing nuisance, a request to remove the nuisance must be made before the action is commenced.' Section 280.

" 'The occupier of lands is in general responsible for the continuance of a nuisance upon them, and so is the landlord, if the nuisance existed at the time he de-

mised them or re-let them or "continued the tenancy after he had the power of determining it.' Section 283.

"According to these authorities, the simple fact that the three children of Mrs. De Dion became owners of the pier upon the death of their mother did not make them responsible for this nuisance, then existing. Suppose this accident had happened an hour, or a day, or one week after the death of their mother, would they have been responsible, even if the pier had come to them not subject to any lease? To cast such a responsibility upon a grantee or devisee might imperil his whole fortune. Before it can be cast in such a case, he must have notice of the nuisance and a reasonable time to abate it. There must be some fault, some delictum on his part, and his liability can have no other basis."

It thus appears that upon such theory there was no liability attaching to this mortgagee-purchaser under his recent foreclosure and purchase under the power of sale in his mortgage of the tenement, and for the injury sustained by plaintiff.

The undisputed evidence shows that plaintiff was on the premises in question at the time and place of her injury as a member of her father's family as tenants of one of the apartment buildings under an existing lease from the Urban Building & Holding Company, subject to the Prudential Company's mortgage; that the alleged injuries were sustained after the mortgagee had duly foreclosed and purchased under the power of sale, but before attornment or notice thereof had been given or made to the tenant and defendant (mortgagee-purchaser) had assumed actual possession and control of the premises, including the commonway in question. For general treatment of the subject, see Stumpf v. Leland, 242 Mass. 168, 136 N.E. 399, 401; Bowe v. Hunking, 135 Mass. 380, 383, 46 Am.Rep. 471; O'Malley v. Twenty-Five Associates, 178 Mass. 555, 60 N.E. 387; Angevine v. Hewitson et al., 235 Mass. 126, 126 N.E. 426; Mansell v. Hands, Ex'x., 235 Mass. 253, 126 N.E. 391, 13 A.L.R. 835; Doyle v. Union Pacific Railway Company, 147 U.S. 413, 431, 13 S.Ct. 333, 37 L.Ed. 223; Edwards v. New York & Harlem Railroad, 98 N.Y. 245, 50 Am.Rep. 659.

Affirmative instruction No. I, requested by the defendant Prudential Insurance Company of America, should have been given.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.