SHORES, Justice.
This case involves the enforcement of an indemnity provision included in the service contract made between Black Diamond Coal Mining Company, the contractor (hereinafter “Black Diamond”), and United States Steel Corporation, the predecessor to USX Corporation and owner of the property to be mined (hereinafter “USX”). A wrongful death action was filed against USX. Black Diamond was later added as a party defendant. The decedent’s representative alleges that the death occurred as a result of a dangerous condition on the property owned by USX and mined by Black Diamond. Pursuant to their contract, USX sought indemnity from Black Diamond for the wrongful death action. Black Diamond sought a judgment declaring that it was not required to defend or indemnify USX with respect to the wrongful death action. The trial court granted USX’s motion for a summary judgment requiring Black Diamond to indemnify USX. Black Diamond appeals. We affirm.
In February 1970, USX contracted with Black Diamond to mine coal on property owned by USX. The contract contained the following provisions:
“Contractor (Black Diamond) shall indemnify and hold Owner (USX) harmless against all loss, claim, damage, or expense of every nature to which owner may be subject resulting from or arising out of Contractor’s operations hereunder, including claims under any workmen’s compensation act, employer’s liability act, or any other law, ordinance, or regulation pertaining to employment of persons engaged in performance of Contractor’s obligations hereunder, as well as any claims of any other nature by such employees against Owner.
[[Image here]]
“Contractor may permit the mining of said coal by subcontractor, but no such subcontract shall in any way release Contractor from any liability, obligation, or responsibility hereunder....
[[Image here]]
“Contractor shall comply with all applicable laws, ordinances and regulations, present or future, pertaining to reclamation, air and water pollution, and mining, ... and shall indemnify and hold Owner harmless from any loss, expense, or damage resulting from any failure to comply therewith, except that as to lands described in Group No. 1, Owner assumes responsibility for planting, seeding, or revegetation as required by said Surface Mining Act, both as to compliance with the provisions of the Act and payment of the cost thereof.”
Black Diamond contracted the actual mining work to other subcontractors who were not parties to the contract with USX. The mining was completed in the spring and summer of 1970. Because of the mining, a pond was created on the land. This pond is adjacent to a road that was torn up when the area was being mined. Black Diamond performed all the road work requested by the attorney for Bibb County, and it was approved in 1970. USX planted trees on the land in accordance with the revegetation provision in the contract. Since 1970, the road and pond have remained in the same location. The road has since been maintained by Bibb County.
On October 8, 1986, Dorothy Hunnicutt King was a passenger in a truck driven by Doyle Martin. While riding on the portion of the road that bordered the pond, the truck veered off the road and ran into the *841 pond. The truck quickly filled with water and sank, and Dorothy King was drowned. Mr. Rufus King, the decedent’s husband, sued USX and later joined Black Diamond, alleging the wrongful death of his wife. King alleges that the pond, which has a severe slope, was located too close to the road and that the design of the pond caused his wife’s death.
On appeal, Black Diamond argues that King’s death was the result of USX’s failure to repair a dangerous condition in the road. Black Diamond also argues that its contractual relationship with USX did not exist when the accident occurred, and, therefore, that it should not be required to indemnify USX.
The criteria required to uphold indemnification provisions such as the one in the present case were stated in Industrial Tile, Inc. v. Stewart, 388 So.2d 171, 175 (Ala.1980), cert. denied, 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981).
“The Court has, for many years, held that as between private parties, indemnity contracts are enforceable if the contract clearly indicates an intention to indemnify against the consequences of the indemnitee’s negligence, and such provision was clearly understood by the in-demnitor, and there is not shown to be evidence of a disproportionate bargaining position in favor of the indemnitee. J.E. Eley v. Brunner-Lay Southern Corp., Inc., 289 Ala. 120, 266 So.2d 276 (1972); Georgia, Florida, Alabama Transportation Co., Inc. v. Deaton, Inc., 293 Ala. 371, 304 So.2d 168 (1974); Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380 (1957); Batson-Cook Co. v. Industrial Steel Erectors, 257 F.2d 410 (5th Cir.1958); U.S. Fidelity & Guaranty Co. v. Mason & Dulion Co., Inc., 274 Ala. 202, 145 So.2d 711 (1962); Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362 (1926); Spangler v. Hobson, 212 Ala. 105, 101 So. 828 (1924); Louisville & N.R. Co. v. Cullman Warehouse, Inc., 226 Ala. 493, 147 So. 421 (1933).”
The contract between Black Diamond and USX satisfies the conditions set out in Industrial Tile. The contract was made at arm’s length and clearly indicated Black Diamond’s intention to indemnify USX for “loss, claim, damage, or expense of every nature” arising from the work performed by Black Diamond.
An indemnification provision similar to the one in the present case was upheld in Walter L. Couse & Co. v. Hardy Corp., 290 Ala. 134, 274 So.2d 322 (1973). Couse was a contractor who subcontracted for sidewalk work to be performed by Hardy. As a result of the condition of the sidewalk, a pedestrian was injured; the pedestrian sued the contractor. The contractor sought indemnity from the subcontractor for the money paid to the pedestrian. The indemnification provision clearly expressed the subcontractor’s intention to indemnify the contractor for the subcontractor’s negligence. Furthermore, the work creating the hazardous condition of the sidewalk was performed by the subcontractor. The provision in the present case requiring Black Diamond to indemnify will be enforced, because Black Diamond created the pond and the condition of the road that allegedly caused the death of Mrs. King. According to the contract, USX’s duties were only to revegetate the property.
Black Diamond argues that it should not be required to indemnify USX because, it argues, there was no existing contractual duty between the parties at the time of the King accident. The contract does not state that Black Diamond’s duty to indemnify USX for losses resulting from operations terminates at a particular time. The duties specified in the contract still exist.
Therefore, the summary judgment in favor of USX is affirmed.
AFFIRMED.
MADDOX, ADAMS, HOUSTON and KENNEDY, JJ., concur.