Plaintiff, John Stewart, was employed at the time of his accident as an iron worker for J J Construction and Maintenance Contractors (J J). J J had been engaged by Courtaulds North America, Inc. (Courtaulds) to renovate an area of its Le-Moyne, Alabama, plant. Stewart was injured when he attempted to aid an employee of another independent contractor, Industrial Tile, Inc. (Industrial Tile); the other employee was electrocuted when a cherry picker (a mobile hydraulic crane) operated by Industrial Tile employees came in contact with a 7200-volt wire which had been installed in 1971 as a temporary measure by Courtaulds, which owns and maintains its own electrical system, including overhead transmission lines. The transmission wire had been partially disconnected when no longer needed, but the current was never cut off. The wire draped an entrance to an unpaved storage yard within the Courtaulds compound, where employees of all independent contractors performed work.
Stewart filed this action against Courtaulds, Industrial Tile, and others. He alleged that he was injured as a result of the negligence of Courtaulds in installing and maintaining high voltage lines in a negligent manner on its premises and having uninsulated wires in a place where it might reasonably be expected that persons or machinery would come into contact with them. He also alleged that Industrial Tile negligently operated a crane so as to cause it to come into contact with the power lines installed and maintained by Courtaulds.
The case against Courtaulds and Industrial Tile went to the jury, which returned a verdict in favor of plaintiff, Stewart, for $375,000. Courtaulds and Industrial Tile filed motions for judgment notwithstanding the verdict or, in the alternative, new trials. These were denied, and Industrial Tile filed notice of appeal.
Courtaulds did not appeal from the judgment entered in favor of plaintiff, Stewart, but did appeal from the judgment entered in favor of Industrial Tile and against it on its cross-claims. By way of cross-claim, Courtaulds claims indemnity for any judgment recovered against it by Stewart. We address each of the appeals separately.
 I.
Industrial Tile, Inc., a corp. v. John Stewart and UnitedStates Fidelity and Guaranty Company, a corp. *Page 173 
The sole issue raised on appeal by Industrial Tile is whether the trial court erred to reversal in admitting into evidence the fact that Industrial Tile had been fined for violating OSHA regulations.
Plaintiff charged that Industrial Tile had negligently operated a mobile hydraulic crane in such a manner as to allow the crane to come in contact with power lines maintained by Courtaulds. Counsel for Courtaulds, on cross-examination of an officer of Industrial Tile, elicited from that witness that he was familiar with the Occupational Safety and Health Act (OSHA) and its requirements that where power lines contained 50,000 volts or less, there must be a clearance of ten feet between the boom of a crane and the wire. The witness then identified a copy of the rules and regulations, which were admitted into evidence without objection. Among the regulations set out was Section 1926-550 which contains the minimum clearance requirements. This witness testified that such regulations applied to Industrial Tile. He was then asked whether Industrial Tile had been fined by OSHA for violation of a regulation. Counsel for Industrial Tile objected and moved to strike the question, contending then and now that such evidence was prejudicial and, thus, inadmissible.
The trial court heard argument from counsel for both sides and overruled the objection and, when the jury returned, advised that the regulations were admitted into evidence "not as the absolute rule for you to follow but this is a guideline of rules and regulations, one of the guidelines of the rules and regulations to be followed in the trade or business Industrial Tile is involved in."
Counsel for Courtaulds then asked the witness if Industrial Tile had been cited by OSHA on the day of the accident for violation of the ten-foot rule. Counsel for Industrial Tile renewed its objection on the ground that it was "inadmissible, incompetent, irrelevant and immaterial as to any of these matters that OSHA undertook in administrative proceedings, would be prejudicial and again [renewed its] request for a mistrial." The court overruled the objection and denied the motion for a mistrial, instructing the jury that "this is not the ultimate decision for you to decide, but you consider this in connection with all of the facts that you hear in this case." The witness then answered that Industrial Tile had been fined by OSHA. The witness testified that Industrial Tile had an opportunity to contest the citation but did not do so for the reason that "there wasn't much sense to it because I felt like it would be a waste of time. It was an automatic fine anyway, we did rig it to go lower."
In Knight v. Burns, Kirkley and Williams Construction Inc.,331 So.2d 651 (Ala. 1976), this Court held that a plaintiff did not have a private civil remedy because of a violation of the Occupational Safety and Health Act of 1970 or the regulations promulgated thereunder. The Court specifically said:
 However, this does not mean that appropriate and relevant standards and safety requirements established by OSHA or accompanying regulations are completely and totally irrelevant. In the case of City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264
(1939) this court upheld the admission into evidence of `Safety Rules for the Installation and Maintenance of Electrical Supply and Communications Lines' from the `Handbook of The Bureau of Standards, No. 10,' for the jury to consider in determining whether a defendant was negligent or not. These safety rules were promulgated by an agency of the United States Government. Under proper circumstances Occupational Safety and Health Act provisions and regulations may be admissible for a jury to consider in determining the standard of care that a defendant should have followed, if properly introduced in accordance with the requirements of the City of Dothan v. Hardy, supra.
Knight v. Burns, Kirkley and Williams Construction, Inc., supra, p. 654. *Page 174 
We hold that it was not error to admit the regulations under the rule stated in City of Dothan, supra. If the regulations are admissible as going to show a standard of care, then it seems only reasonable that evidence of violation of the standards would also be admissible as evidence that the defendant failed to meet the standards that it should have followed. Clearly, the fact that Industrial Tile had been cited by OSHA for violating the standards, and the fact that Industrial Tile had paid the fine, are relevant to the question of whether it violated the standard of care applicable to its conduct. There was evidence from a number of witnesses that the crane violated the ten-foot standard. It seems to us that evidence that Industrial Tile paid the fine without objection was properly admitted in evidence as a declaration against interest. Motley v. Page, 250 Ala. 265, 34 So.2d 201 (1948);Ritter v. Griswold, 2 Ala. App. 618, 56 So. 860 (1911). We find no error to reverse, particularly in light of the admonition given the jury by the trial judge that it was not to consider the rules and regulations as an absolute, but merely as guidelines, and that they were to be considered along with all the other facts adduced in the case.
The judgment is affirmed.
 II.
Courtaulds North America, Inc. v. Industrial Tile, Inc., acorp.
In response to plaintiff Stewart's suit against Courtaulds and Industrial Tile, and others, Courtaulds filed an answer and also filed cross-claims against Industrial Tile seeking indemnity on several theories. Industrial Tile moved to dismiss the cross-claims, but this motion was not ruled upon until after the trial was had and all the parties had rested. At the end of the case, the trial court entered its order granting Industrial's motion to dismiss.
The case was submitted to the jury which returned a verdict for $375,000 in favor of plaintiff Stewart and against all defendants. After the court denied its motions to set aside its order dismissing the cross-claims, Courtaulds appealed.
On appeal, Courtaulds asserts that the trial court was wrong in granting Industrial's motion to dismiss the cross-claims.
It asserts that the trial court erred in granting the motion because Courtaulds refiled the cross-claims after the motion to dismiss was filed and no new motion to dismiss was again filed. We are unpersuaded by this argument. Courtaulds admits that the refiled cross-claims were substantially identical to the ones to which the motion to dismiss was originally addressed. We see no need for the refiling of a motion to dismiss not theretofore ruled upon where the pleadings to which it was originally addressed were not substantially altered by the refiling.
Furthermore, although we are urged to test the trial court's correctness in granting Industrial's motion to dismiss the cross-claims as a 12 (b)(6) ARCP motion, it should not be viewed as a usual motion to dismiss case. This motion to dismiss was not ruled upon until all of the evidence was in. Therefore, we must test the trial court's action in view of what was before it at the time and, thus viewed, it lends itself to treating the action of the trial court as if it had directed a verdict in favor of Industrial Tile on Courtaulds' cross-claims. This is true because all of the evidence adduced by all parties to the litigation was in at the time the motion was granted.
Tested in that fashion, then, we look to each of the theories of liability and the evidence in the record as it relates to each theory of liability asserted in the cross-claims.
Tested in that fashion, we agree with Courtaulds in its contention that the trial court erred in granting Industrial Tile's motion to dismiss Courtaulds' cross-claims based upon the written indemnity contract. *Page 175 
The claims founded on the indemnity contract alleged in part that Industrial Tile was performing certain work for Courtaulds on Courtaulds' premises; that this work was being performed pursuant to a written contract; that the contract was in full force and effect at all pertinent times; that the contract contained a provision requiring Industrial Tile to indemnify and hold harmless Courtaulds from any damages on account of bodily injury occurring in connection with the work to be done by Industrial Tile.
The specific provision for indemnity appears in the contract as follows:
 ARTICLE II-Indemnification-The Contractor [Industrial Tile] shall be solely responsible to indemnify and hold harmless the Owner [Courtaulds], its agents, servants and employees, from and against any and all claims, losses, suits, damages, judgments, expenses, costs and charges of every kind and nature, whether direct or indirect, on account of or by reason of, bodily injuries (including death) to any person or persons, including, but not limited to its agents, servants and employees or other of the Owner, Contractor or any subcontractor and injury to or destruction of property (including the loss of use thereof) of the Owner, or others arising out of or occurring in connection with the performance of the work to be done pursuant to the contract and whether or not caused by or contributed to, or alleged to have been caused by or contributed to, by the active, passive, affirmative, sole or concurrent negligence or breach of any statutory duty, whether non-delegable or otherwise on the part of the owner or its agents, servants or employees, or liability therefor imputed as a matter of law to the owner and/or its agents, servants or employees or from the failure of or any condition in materials or parts or faulty workmanship furnished by the Owner, Contractor or any Sub-Contractor and/or their respective agents, servants or employees pursuant to the Contract.
The question presented is whether or not this provision of the contract is enforceable. The Court has, for many years, held that as between private parties, indemnity contracts are enforceable if the contract clearly indicates an intention to indemnify against the consequences of the indemnitee's negligence, and such provision was clearly understood by the indemnitor, and there is not shown to be evidence of a disproportionate bargaining position in favor of the indemnitee. J.E. Eley v. Brunner-Lay Southern Corp., Inc.,289 Ala. 120, 266 So.2d 276 (1972); Georgia, Florida, AlabamaTransportation Co., Inc. v. Deaton, Inc., 293 Ala. 371,304 So.2d 168 (1974); Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380
(1957); Batson-Cook Co. v. Industrial Steel Erectors,257 F.2d 410 (5th Cir. 1958); U.S. Fidelity Guaranty Co. v. Mason Dulion Co., Inc., 274 Ala. 202, 145 So.2d 711 (1962); Cairnesv. Hillman Drug Co., 214 Ala. 545, 108 So. 362 (1926); Spanglerv. Hobson, 212 Ala. 105, 101 So. 828 (1924); Louisville N.R.Co. v. Cullman Warehouse, Inc., 226 Ala. 493, 147 So. 421
(1933).
In J.E. Eley v. Brunner-Lay Southern Corp., Inc., supra, the Court summarized the rule followed in this state as follows:
 We think that our cases hold that the intention to indemnify the negligence of the indemnitee must clearly appear from the wording of the instrument, but when that intention is clear, the indemnity provisions will be read and construed so as to give them the meaning the parties have expressed. We think that in the instant case the intention to indemnify was clearly expressed, it was not ambiguous and the indemnity provisions are effective as between the parties.
In Campbell Piping Contractors, Inc. v. Hess Pipeline Co.,342 So.2d 766 (Ala. 1977), the Court said:
 We have repeatedly held that such provisions must be construed in favor of the indemnitor in instances where the indemnity is not contracted for from an insurance company engaged in the business of *Page 176 
writing, for consideration, such coverage, and that such provisions must succinctly and clearly indicate that the indemnitor is required to indemnify the indemnitee against loss occasioned by his own negligence. U.S.F. G. v. Mason Dulion Co., 274 Ala. 202, 145 So.2d 711 (1962).
The Court's insistence that such provisions be unambiguous and unequivocal arises from its concern that, generally speaking, one should not be able to contract against the consequences of his own wrong. However, as stated in 41 Am.Jur.2d, Indemnity, § 9 (1968), the general rule seems to be:
 Broadly speaking, a promise of indemnity for the performance of an act not illegal, immoral, or against public policy is valid. Thus, indemnity against loss on account of a business transaction is proper. And, although there is some earlier authority to the contrary, it is now the prevailing rule that a contract may validly provide for the indemnification of one against, or relieve him from liability for, his own future acts of negligence provided the indemnity against such negligence is made unequivocally clear in the contract.
Section 15:
 A contract of indemnity purporting or claimed to relieve one from the consequences of his failure to exercise ordinary care must be strictly construed. Accordingly, it is frequently stated as the general rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it.
Alabama has generally followed these general rules when construing contracts between private parties, as distinguished from corporations performing a public service. AmericanDistrict Telegraph Company of Alabama v. Roberts Son, Inc.,219 Ala. 595, 122 So. 837 (1929).
Industrial Tile argues that Alabama, in 1978, in AlabamaGreat Southern Railroad Co. v. Sumter Plywood Corp.,359 So.2d 1140 (Ala. 1978), rejected the general rule and now follows the rule that, as between private parties, any contract which permits the indemnification of the indemnitee against his own wrongs is void as against public policy. We agree that there is language in the opinion which supports Industrial Tile's contentions. However, after carefully reviewing all of the authority in this state, we are compelled to conclude that, if the parties knowingly, evenhandedly, and for valid consideration, intelligently enter into an agreement whereby one party agrees to indemnify the other, including indemnity against the indemnitee's own wrongs, if expressed in clear and unequivocal language, then such agreements will be upheld. To the extent that Alabama Great Southern Railroad Co. v. SumterPlywood Corp., supra, holds otherwise, it is hereby modified.
Based upon the record before us, we cannot say as a matter of law that the agreement involved in this case fails to meet that test. Therefore, we reverse the trial court, and remand the claim asserted by Courtaulds in its cross-claims against Industrial Tile, based upon the written indemnity provision, for reconsideration in light of this opinion.
CASE NO. 78-462 AFFIRMED.
CASE NO. 78-401 REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
FAULKNER, JONES and EMBRY, JJ., concur in part and dissent in part.