I agree that the judgment is due to be affirmed, but for another reason.
The trial court found that the damages to the Loftins were wrongfully caused by International Paper and that the purported indemnity agreement was executed under duress. Even if the agreement was not executed under duress, Whilden would be liable to International Paper only if Whilden had agreed to indemnify International Paper against the consequences of the indemnitee's wrongful conduct. The only issue raised by International Paper is whether the agreement was executed under duress. We need not decide that issue, however, for even if the trial court did err, the error would be harmless unless the agreement indemnified International Paper from the consequences of its own wrongful conduct.
An agreement to indemnify will be construed to encompass an obligation to indemnify the indemnitee against the consequences of its own wrongful conduct only if the intent to do so is expressed in clear and unequivocal language. Industrial Tile,Inc. v. Stewart, 388 So.2d 171 (Ala. 1980); 42 C.J.S. Indemnity
§ 12 (1944); Camden Safe Deposit Trust Co. v. Eavenson,295 Pa. 357, 145 A. 434 (1929). The indemnity agreement between International Paper and Dale Timber Company (Whilden) is premised on the fact
 "[t]hat C.E. Loftin has alleged that Dale Timber Company cut timber that was not designated under the timber deed between International and the Loftins and further, that Dale Timber Company did not follow reasonable logging practices and did permanent damage to his land."
The agreement then states:
 "2. Contractor [Whilden] admits his liability to International in the event International become[s] obligated to pay C.E. Loftin for the cutting of timber not designated under the contract herein mentioned and also Contractor admits his liability to International in the event International becomes obligated to pay C.E. Loftin for permanent damage to his land as mentioned herein.
 "3. Contractor further agrees that in the event International becomes obligated to pay C.E. Loftin damages for the cutting of undesignated timber under the contract aforesaid, that Contractor will pay to International the amount of money that International is obligated to pay C.E. Loftin.
 "4. Contractor further agrees that in the event International becomes obligated to pay C.E. Loftin damages for permanent injury to his land due to the failure of Dale Timber Company to use standard logging practices in cutting the timber from the lands of the said C.E. Loftin that Contractor will pay to International the amount of money that International is obligated to pay C.E. Loftin."
I do not find that the agreement clearly and unequivocally expresses an intention *Page 565 
that Dale Timber Company indemnify International Paper for the consequences of the indemnitee's wrongful conduct. Therefore, because the trial court found that the Loftins' damages were caused by International Paper's wrongful conduct, International Paper is not entitled to indemnity, even if the agreement was not executed under duress.