As I read the majority opinion, it is bottomed on the finding that the indemnitor in this case did not have control of the premises where the accident happened, and, therefore, that the contract of indemnity is void and unenforceable. The majority rule in this country is that "[b]roadly speaking, a promise of indemnity for the performance of an act not illegal, immoral, or against public policy is valid."Industrial Tile, Inc. v. Stewart, 388 So.2d 171
(Ala. 1980), cert. den., 449 U.S. 1081, 101 S.Ct. 864,66 L.Ed.2d 805 (1981), quoting from 41 Am.Jur.2dIndemnity, § 9 (1968).
The majority makes a factual determination in the opinion that "[i]n this case, the mishap took place in an area not within the actual leased area and from aught that appears from the record, an area in which the lessee (indemnitor) had no right of control." *Page 596 
The lease contract in this case is not a contract of adhesion, and the lessee specifically promised "[t]o save the City . . . harmless and to indemnify [it] against any claims or liability arising . . . from any injury to anyvisitor, spectator or participant in any activity in any partor portion of the Civic Center, regardless of entrance gainedto said Civic Center. . . ."
The plaintiff, as the majority opinion states, was an employee, hired to be a temporary operator of a cash register. The opinion seems to suggest that the lessee is not liable under its indemnity contract because the plaintiff "entered the civic center, not from the two primary entrances, but from a service entrance at the rear of the civic center." What is so unusual about an employee of a lessee of a portion of a building coming through the service entrance? In view of the agreement the lessee had made, why should the lessor be responsible for keeping the lessee's employees out of the grand ballroom?
I cannot distinguish the facts of this case from those inIndustrial Tile; therefore, I must respectfully dissent.