ON APPLICATION FOR REHEARING
This Court's opinion of November 21, 1990, is withdrawn, and the following is substituted therefor.
McDevitt Street Company ("McDevitt"), the third-party plaintiff, appeals from a judgment denying its claim for indemnity against Mosher Steel Company ("Mosher"), the third-party defendant.[1] Because the issue regarding the affirmative defense of the validity and enforceability of the indemnity agreement is resolved adversely to Mosher as a matter of law, we reverse and remand.
 Facts
Williams Eddins, Jr., the original plaintiff, was employed by Regional Steel Company, a construction subcontractor involved in the construction of the Riverchase Galleria in Birmingham, Alabama; he was injured while working on the Galleria construction site. Eddins sued Jim Wilson Associates (the project owner), Harbert International, Inc. (the prime contractor for the project), McDevitt (the primary subcontractor), and The Travelers Insurance Company. The trial court granted the summary judgment motions of Jim Wilson 
Associates and The Travelers Insurance Company before the trial began.
McDevitt and Harbert filed third-party complaints against Mosher (the structural steel subcontractor) based on an indemnity clause in the contract between McDevitt and Mosher. That indemnity clause states:
 "12. Indemnity. To the full extent permitted by law, Subcontractor [Mosher] agrees to defend, indemnify, and save harmless Contractor [McDevitt] and Owner, and their agents, servants and employees, from and against any claim, cost, expense, or liability (including attorney's fees) attributable to bodily injury, sickness, disease, or death, or the damage to or destruction of property (including loss of use thereof) caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by Subcontractor, its subcontractors, or their agents, servants or employees, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder; provided, however, Subcontractor's duty hereunder shall not arise if such injury, sickness, disease, death, damage, or destruction is caused by the sole negligence of a party indemnified hereunder. Subcontractor's obligation hereunder shall not be limited by the provisions of any workmen's compensation or similar act."
The trial court admitted evidence pertaining to the issues whether Eddins was doing "work" that was covered by the contract and, if he was, whether Eddins's accident was due to the sole negligence of McDevitt. At the close of all the evidence, McDevitt filed a motion for a directed verdict on its third-party complaint against Mosher. The trial court denied McDevitt's motion and instructed the jury as follows regarding the third-party complaint:
 "Now, as far as the contract between McDevitt 
Street Company and Mosher Steel Company, as I say, Mosher Steel Company admits it's a valid contract. But [Mosher says] that the sole cause of this accident to [Eddins] was the fault of McDevitt 
Street Company and also Harbert International and it was not [Mosher's] fault. And [Mosher says] that in that indemnity clause, in that contract, it says [Mosher is] not liable; it was the sole fault of McDevitt Street Company and Harbert. Well, [Mosher says] it as to McDevitt Street Company *Page 796 
and they also say it as to Harbert as far as their respective claims are concerned.
 "As I say, in addition to that, [Mosher says] what [Eddins] was doing at the time he was injured was not part of that contract, that he was doing something else at that time. The indemnity clause in that contract says this: 'To the full extent permitted by law, . . . Subcontractor's duty hereunder shall not arise if such injury . . . is caused by the sole negligence of a party indemnified hereunder.' [The trial court read the entire indemnity agreement, which is set out in its entirety, supra.]
". . . .
 "Now, I told you I was going to submit two special questions to you and it has to do with the third-party complaint and the contract that the claim is based on. The first question is, Do you find that the accident and injuries sustained by William Eddins were caused by the sole negligence of . . . McDevitt Street Company? . . .
 "The second one, Do you find that the work being done by [Eddins] on the occasion complained of was work which was covered by the contract for the furnishing and erecting of structural steel, bar joist and metal deck between McDevitt Street Company and Mosher Steel Company? . . . . As I say, that has to do with the claim of Mosher Steel Company that it was not covered under the contract or it was the sole negligence of somebody else — of McDevitt Street."
McDevitt excepted to the second interrogatory submitted to the jury, stating that the language used by the trial court was misleading and confusing with respect to the question whether the work being performed by Eddins was covered under the contract. McDevitt argued that the language of the indemnity clause ("caused by, arising out of, resulting from, or occurring in connection with the performance of the Work") should have been substituted for the language used by the trial court ("for the furnishing and erecting of structural steel, bar joist, and metal deck between McDevitt Street Company and Mosher Steel Company"). Because of our resolution of the directed verdict issue, however, we need not address this "jury instruction" issue.
The jury returned a verdict for Eddins and against McDevitt and awarded Eddins $600,000. With regard to the third-party complaint by McDevitt against Mosher, the jury answered both special interrogatories submitted to it by the trial court in the negative and found in favor of third-party defendant Mosher.
McDevitt filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied the motion and entered a judgment on the verdicts. McDevitt appeals.
 The Issues
McDevitt presents the following issues: (1) Did the trial court err in overruling McDevitt's motion for directed verdict and its motion for a J.N.O.V. with respect to McDevitt's third-party claim against Mosher? and (2) Did the trial court err in overruling McDevitt's motion for a new trial? In light of the evidence presented at trial, we hold that the trial court did err in overruling McDevitt's motions for directed verdict and J.N.O.V.
 The Decision
The standard of review to be applied in determining the correctness of a trial court's ruling on a motion for directed verdict and on a motion for a judgment notwithstanding the verdict has been well defined by this Court.
 "Rule 50(e) of the Alabama Rules of Civil Procedure provides that motions for directed verdicts and judgments notwithstanding the verdict shall be decided in accordance with the scintilla evidence rule.[2] This court has stated on numerous *Page 797 
occasions that in civil cases, a question of fact must go to the jury, if the evidence, or any reasonable inference therefrom, furnishes a mere gleam, glimmer, spark, or a scintilla in support of the theory of the complaint. Furthermore, where a directed verdict is requested, the entire evidence must be viewed in a light favorable to the party opposing the motion. It is only where the facts are such that reasonable men must draw the same conclusion from them that the question is considered as one of law for the court. When a reasonable inference may be drawn, which is adverse to the party [making] the motion, the motion should be [denied]."
Weatherly v. Hunter, 510 So.2d 151, at 153 (Ala. 1987) (quoting from Draughon v. General Fin. Credit Corp.,362 So.2d 880, 88384 (Ala. 1978)).
In light of this standard, the trial court should grant a motion for directed verdict or a motion for J.N.O.V. only if, from the evidence presented, the jury could reach but a single conclusion, in favor of the movant, or if the undisputed evidence entitled the movant to a judgment as a matter of law.
Essentially, McDevitt's motion for directed verdict (and its subsequent post-judgment motion for J.N.O.V.) raised two points: (1) that it was not the sole negligence of McDevitt that caused Eddins's accident; and (2) that the indemnity agreement was valid and enforceable against Mosher. As to the first point, the jury found that McDevitt was not solely at fault and rendered its verdict accordingly. Thus, the error, if any, in the trial court's denial of McDevitt's directed verdict motion on the third-party claim was rendered moot by the jury's verdict finding the injury not to have been solely the fault of McDevitt.[3]
As to the second point, Mosher defended against this issue with the argument that Eddins was not engaged in "work" as contemplated by the contract and that, therefore, the indemnity agreement was not enforceable against Mosher. This issue was improperly presented to the jury as a question of fact. The evidence presented at trial did not create a jury question as to whether Eddins was engaged in "work" as contemplated in the contract. There is no dispute that Eddins was "taking down" a steel structure at the job site when he fell.
To hold, however, that an employee who is performing a corrective measure on the job site is not engaged in "work" would be unreasonable in light of the job that had been undertaken. Obviously, on a job as extensive as the construction of a commercial building, mistakes will be made that require corrective measures. It is not as if Eddins had left the job site to run a purely personal errand. He was still engaged in work necessary for the completion of the job for which his employer had been hired. There was no deviation from the work being performed and, as a matter of law under the undisputed evidence, the trial court should have determined that Eddins was engaged in "work" as contemplated by the indemnity agreement.
We hold that the trial court should have held, as a matter of law, that the indemnity agreement was enforceable by McDevitt against Mosher. Therefore, the trial court erred in denying McDevitt's motion for directed verdict on the issue of whether Eddins was performing "work" as contemplated by the contract at the time of his accident; and, further, the trial court erred *Page 798 
in denying McDevitt's post-judgment motion for J.N.O.V.
For the foregoing reasons, the final judgment entered by the trial court is reversed, and the cause is remanded for entry of a judgment consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The remaining parties to this lawsuit have settled their claims or have been dismissed.
[2] We note that the original complaint in this case was filed before the effective date of § 12-21-12, which substituted the "substantial evidence" rule for the "scintilla of evidence" rule, and that the third-party complaint was filed after the statute's effective date. The facts in support of Mosher Steel's defense of the third-party complaint are not sufficient to defeat McDevitt's directed verdict motion under either standard of proof; thus, whether the "scintilla of evidence" rule or the "substantial evidence" rule is applicable is of no material consequence.
[3] The law with respect to the enforceability of indemnity contracts, addressed in Industrial Tile, Inc. v.Stewart, 388 So.2d 171 (Ala. 1980), cert. denied,449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981), is not raised by this appeal. The parties agree that, under the instant contract, where the accident in question arises out of work covered by the construction contract, the indemnitee is entitled to recover from the indemnitor, unless the indemnitee is solely responsible for the injury incurred.