The plaintiffs appeal from a summary judgment in favor of the defendant, M M Glass Company.
The issues in this case concern indemnity provisions in a contract between McBro, Inc., and M M Glass Company ("M 
M"). McBro was to serve as construction manager for the construction of Medical Center Hospital in Birmingham, Alabama. *Page 284 
M M agreed to serve as contractor for aluminum and glass work in the hospital.
On April 1, 1985, Bobby C. McDonald, an employee of Medical Center Hospital, was injured when an automatic door assembly struck him in the face and knocked him to the floor. The automatic door had been installed by a subcontractor of M M. McDonald filed an action in the Circuit Court of Jefferson County against M M, McBro, and others, seeking damages to compensate for his injuries. Despite the indemnification requirements of the contract, M M refused to defend McBro. Because M M refused to indemnify, McBro was forced to file a claim with its insurance carrier, Travelers Insurance Company ("Travelers"), which defended McBro in the suit filed by McDonald. The court entered a summary judgment for McBro in the action brought by McDonald; that fact is evidence that McBro was not negligent, or if it was negligent, that its negligence did not proximately cause McDonald's injuries. M M settled McDonald's personal injury claim against it. Subsequently, McBro sued M M, alleging a breach of the indemnity provisions. The trial court entered a summary judgment in favor of M M, and McBro appeals.
In pertinent part, the indemnity clause of the contract provides that M M will hold McBro, as construction manager, harmless:
 "From and against all claims, damages, losses and expenses, including, but not limited to, the attorneys' fees arising out of or resulting from the performance of the work, provided that any such claim, damage, loss, or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury or to destruction of tangible property, including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the contractor, any subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder."
The following provisions of the contract require M M to purchase insurance to indemnify McBro against any claims or expenses, including attorney fees, arising out of or resulting from the performance of work under the contract, provided that the claim or expense is attributable to bodily injury and is caused in whole or in part by an allegedly negligent act or omission of M M or anyone directly or indirectly employed by M M or a subcontractor, regardless of any negligence of McBro.
Paragraph 11.1.1. provides:
 "[M M shall] purchase and maintain insurance for protection from the claims set forth below which may arise out of or result from the contractor's operations under the contract, whether such operations be by any subcontractor, or by anyone directly or indirectly employed by any of them, or by anyone for whose acts any of them may be liable."
Paragraph 11.1.2. provides:
 "Coverage shall be written on a comprehensive General and Automotive Liability Form and shall include contractual liability insurance as applicable to the contractor's obligations under paragraph 4.18."
Paragraph 11.1.3. again states:
 "The insurance required by sub-paragraph 11.1.1. shall include contractual liability insurance applicable to the contractor's obligations under Paragraph 4.18."
McBro contends that the indemnity clause of the contract is enforceable, because, it says, the language is totally unambiguous and the contract clearly indicates an intention to indemnify.
In Industrial Tile, Inc. v. Stewart, 388 So.2d 171
(Ala. 1980), cert. denied, 449 U.S. 1081, 101 S.Ct. 864,66 L.Ed.2d 805 (1981), the Court acknowledged the history of enforceable indemnity agreements and stated:
 "The Court has, for many years, held that as between private parties, indemnity contracts are enforceable if the contract clearly indicates an intention to indemnify against the consequences of the indemnitee's negligence, and such provision was clearly understood by the indemnitor, and there is not shown to be *Page 285 
evidence of a disproportionate bargaining position in favor of the indemnitee."
388 So.2d at 175.
The Court also acknowledged the enforceability of indemnity agreements in McDevitt Street Co. v. Mosher Steel Co.,574 So.2d 794 (Ala. 1991). That case involved a question of the enforceability of an indemnity clause against the indemnitor and in favor of an indemnitee who was partially, although not solely, at fault for the underlying injury. The indemnity clause involved in McDevitt Street appears to be similar in language to that involved in the present case. The Court held in that case that "the trial court should have held, as a matter of law, that the indemnity agreement was enforceable by McDevitt [the indemnitee] against Mosher [the indemnitor]."574 So.2d at 797.
Based on the foregoing, we conclude that the trial court erred in entering the summary judgment in this case. We therefore reverse that judgment and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.