RICHARD L. JONES, Retired Justice.
The plaintiff appeals from a judgment entered on a directed verdict in favor of the defendant, Karen Leigh Cantrell, in an action based on a collision between an automobile and a bicycle. We reverse and remand.
Karen Cantrell was driving north on North Pelham Road in Jacksonville, Alabama; she turned left (west) at the traffic signal onto the intersecting Mountain Street. Stefan Lindsay, who was 14 years old at the time of the accident, was riding his bicycle south on the sidewalk running parallel to, and on the west side of, Pelham. When Lindsay reached the intersection, he saw that Cantrell was going to turn left onto Mountain Street and he saw her slow down and begin to stop her car.
Lindsay testified that he thought Cantrell had stopped completely and that, without continuing to observe Cantrell’s car, he rode his bicycle into Mountain Street. As Cantrell turned onto Mountain Street, her car collided with Lindsay’s bicycle. Cantrell testified that she did not see Lindsay until the time of the collision.
Lindsay, by and through his mother, Alma Harver, and Alma Harver individually, sued Karen Cantrell and her father, Bruce Cantrell, alleging that Karen had negligently or wantonly caused the collision and had thereby caused injuries to Lindsay, damage to *1278 Lindsay’s bicycle, and medical expenses and loss of services to Lindsay’s mother. The trial court entered a summary judgment for Bruce Cantrell (who had been sued as the owner of the car Karen was driving); the wantonness claim was dismissed by consent of all parties; and the case proceeded to trial against Karen Cantrell on the issue of negligence.
After hearing the testimony of the investigating police officer, Bruce and Karen Cantrell, Lindsay, and Harver, the court excused the jury so that it could consider Cantrell’s motion for a directed verdict. Cantrell argued that the plaintiffs had failed to prove any negligence on her part and that Lindsay was himself guilty of contributory negligence. The plaintiffs countered by arguing that they had proved negligence in Cantrell’s failure to follow the “Rules of the Road” (Ala.Code 1975, § 32-5A-1 et seq.), that Lindsay had the right to assume that Cantrell would drive according to the “Rules of the Road,” and that the question of Lindsay’s alleged contributory negligence was one for the jury to decide.
Following the argument on Cantrell’s directed verdict motion, the trial court ruled (1) that Lindsay was guilty of contributory negligence as a matter of law, and (2) that the plaintiffs had not presented substantial evidence in support of their negligence claim. The court directed a verdict for Cantrell; based on that directed verdict the court entered a judgment for Cantrell. Lindsay and Harver appeal.
“A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to [his] claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ. Therefore, we must determine whether [the non-movant], in order to withstand [the] motion for a directed verdict, presented substantial evidence from which the jury could find each element of [the non-movant’s claim], or whether there were no disputed issues of fact upon which reasonable persons could differ.
“Whether the trial court erred in entering the directed verdict ⅛ tested by a purely objective determination of whether the party having the burden of proof has produced [sufficient] evidence [to create a factual dispute] requiring resolution by the jury....’ Additionally, in considering the record on appeal from a judgment based on a directed verdict, this Court must view all the evidence in a light most favorable to the nonmovant, and must entertain such reasonable evidentiary inferences as the jury would have been free to draw.”
Teague v. Adams, 638 So.2d 836 (Ala.1994) (citations omitted).
“[T]he trial court should grant a motion for directed verdict ... only if, from the evidence presented, the jury could reach but a single conclusion, in favor of the movant, or if the undisputed evidence entitled the movant to a judgment as a matter of law.”
McDevitt & Street Co. v. Mosher Steel, 574 So.2d 794, 797 (Ala.1991).
Our review of the record, in a light most favorable to the plaintiffs, convinces us that the trial court erred in directing a verdict for Cantrell. The parties’ contentions relate to both issues raised on appeal — Cantrell’s alleged negligence and Lindsay’s alleged contributory negligence. We hold that the trial judge, in reaching his conclusion regarding these two issues, necessarily — and improperly — drew factual inferences from the evidence.
The plaintiffs argue that the statutory “Rules of the Road” required Cantrell, as the driver of a motor vehicle turning left at a controlled intersection, (1) to obey traffic laws (§ 32-5A-3); (2) to obey traffic control devices (§ 32-5A-31); and (3) to yield the right-of-way to vehicles on the right (§ 32-5A-110) and to vehicles approaching from the opposite direction (§ 32-5A-111). Further, say the plaintiffs, pursuant to § 32-5A-112, the collision itself was prima facie evidence that Cantrell failed to yield the right-of-way.
The plaintiffs also point out that the evidence at trial proved that Cantrell had an unobstructed view of the entire intersection, including the sidewalk areas, but that Cantrell testified she did not see Lindsay until the collision occurred. Additionally, the *1279 plaintiffs rely on the testimony of the -witnesses as to damage points on the ear and the bicycle as proof that Lindsay was well into the street at the time of the collision.
Cantrell argues that she did obey all traffic laws, as well as the traffic control devices located at the intersection of Pelham Road and Mountain Street. Cantrell claims-that she slowed to a stop before actually entering the intersection to turn left; this testimony is consistent with Lindsay’s testimony that, because he saw that Cantrell had brought her car to a stop, he thought she was not going to proceed through the intersection. Cantrell also maintains that she was under no duty to be on the lookout for a person riding a bicycle from, the sidewalk into the street, urithout stopping.
We need not address the merits of the parties’ factual contentions, other than to observe that implicit in these opposing contentions are multiple questions of fact, which, under our system of jurisprudence, are reserved for the jury to resolve.
Because the evidence presented would not allow the factfinder to “reach but a single conclusion” on the issues of negligence and contributory negligence, and because these issues are ordinarily ones for the jury and not the trial court, we reverse the judgment based on the directed verdict and remand this cause for further proceedings. See Senn v. Alabama Gas Corp., 619 So.2d 1320 (Ala.1993); and Chilton v. City of Huntsville, 584 So.2d 822 (Ala.1991).
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975, and it is hereby adopted as that of the Court.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.