The issue is whether Humana Medical Corporation d/b/a Humana Hospital Montgomery ("Humana") is entitled to indemnification for legal fees and litigation expenses based on an indemnification clause in an agreement previously entered into with Bagby Elevator Company, Inc. ("Bagby").
On October 23, 1991, Elaine Baker sued Humana and Bagby for damages, based on injuries she sustained while boarding an elevator located on Humana's premises. Humana owned the elevator, but, before Baker's accident, Humana and Bagby had entered into an "Elevator Protective Maintenance Agreement" ("Maintenance Agreement").
Pursuant to the terms of the Maintenance Agreement, Bagby, acting as an independent contractor, agreed to be responsible for the service, maintenance, repair, inspection, and periodic examinations of all safety devices on eight of Humana's passenger elevators, in exchange for a monthly fee. Those tasks were delegated to Bagby, and neither Humana nor any of its employees ever performed any of those tasks. Instead, if one of Humana's elevators malfunctioned, then Humana had its maintenance department take the elevator out of service, and Humana turned the matter over solely to Bagby. A later amendment to the Maintenance Agreement contained the following indemnity language:
". . . .
 "3. In addition, Vendor [Bagby] hereby indemnifies and holds the Hospital [Humana], its directors, officers and employees harmless from and against any and all claims, demands, suits (including legal expenses in connection therewith), judgments or awards arising out of or in any way connected with the activities of Vendor, its employees, during the term of this agreement.
". . . .
 "5. Under no circumstances will employees of Vendor be considered as employees or agents of Hospital. Vendors' employees will be acting as independent contractors, under this Agreement, and as such, agree to indemnify Hospital against all claims for liability pertaining to their actions. . . ."
(Emphasis added.) According to the Maintenance Agreement and the parties' mutual understanding, Bagby was to indemnify Humana for those acts of Bagby for which Humana might be found responsible or liable. Both parties agree that the Maintenance Agreement was in effect at the time of Baker's accident and that it applied as to the elevator on which Baker's injury occurred. After Baker sued Humana and Bagby, Humana filed a cross-claim against Bagby, seeking indemnification based upon the indemnity provision in the Maintenance Agreement.
On January 21, 1993, Humana moved for a summary judgment as to all eight claims in Baker's complaint, including: Count I (alleging that the defendants had negligently injured the plaintiff); Count II (alleging that the defendants had wantonly injured her); Count III (alleging a negligent failure to maintain, repair, and/or inspect the elevator); Count IV (alleging a wanton failure to maintain, repair, and/or inspect the elevator); Count V (alleging that the defendants had negligently failed to remove the elevator from service); Count VI (alleging that the defendants had wantonly failed to remove the elevator from service); Count VII (alleging *Page 974 
that the defendants had negligently failed to warn of an unsafe or unreasonably dangerous condition); and Count VIII (alleging that the defendants had wantonly failed to warn of an unsafe or unreasonably dangerous condition). However, Humana's supporting memorandum brief sought a summary judgment only with respect to Count III and Count IV. Humana argued that it was entitled to a summary judgment on these two counts because, it argued, under the Maintenance Agreement, it was not responsible for Bagby's acts. Humana also filed a motion for summary judgment on its cross-claim against Bagby, but this motion made no distinction between the plaintiff's eight claims. The trial court denied both of Humana's motions for summary judgment.
On August 26, 1993, Bagby moved for a summary judgment as to Humana's cross-claim. While Bagby's motion was pending, the case was settled with respect to all of Baker's claims, and Bagby paid the entire settlement amount. Humana then moved to submit the cross-claim to the trial court, arguing that it presented only a question of law. The trial court conducted a hearing,[1] and, on January 24, 1994, it entered a summary judgment for Bagby on Humana's cross-claim. Humana appeals.
Bagby contends that its summary judgment should be treated as a judgment based on ore tenus evidence (and thus given the presumption accorded such a judgment), because, it argues, Humana, in its request for the trial court to treat the cross-claim issue as one of law, "submitted" evidence from the record and thereby made the judge's order of January 24 a ruling on Humana's motion rather than on Bagby's summary judgment motion. We disagree.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Humana contends that the indemnity clause in the Maintenance Agreement is valid and must be upheld. Baker's complaint alleged that Humana and Bagby were joint tort-feasors. Generally, under Alabama law, joint tort-feasors are not entitled to contribution or indemnity. Apel Machine SupplyCo. v. J.E. O'Toole Engineering Co., 548 So.2d 445, 448 (Ala. 1989); Crigler v. Salac, 438 So.2d 1375, 1385 (Ala. 1983);Parker v. Mauldin, 353 So.2d 1375, 1377 (Ala. 1977). However, when one joint tort-feasor has agreed in writing to indemnify the other joint tort-feasor, even for claims based on the other's own negligence, the agreement, if otherwise valid, can be upheld and enforced. Apel Machine Supply Co.,548 So.2d 445, 448; Crigler v. Salac, 438 So.2d 1375, 1386; IndustrialTile, Inc. v. Stewart, 388 So.2d 171, 176 (Ala. 1980), cert.denied, 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981). Humana bases its validity argument on a line of cases beginning with the landmark decision in Industrial Tile; that case held that in a contract between private parties one may agree to indemnify the other for the other's own negligent conduct but that for the indemnification agreement to be enforceable the intent to indemnify must be expressed in "clear and unequivocal language" and the *Page 975 
parties must have "knowingly, evenhandedly, and for valid consideration" entered into it. Industrial Tile, 388 So.2d at 175-76, modifying Alabama Great Southern R. Co. v. SumterPlywood Corp., 359 So.2d 1140 (Ala. 1978). See also, J.E. Eleyv. Brunner-Lay Southern Corp., 289 Ala. 120, 124,266 So.2d 276, 280 (1972). While "talismanic language" is not a necessity, the intention to indemnify for the indemnitee's own negligence must be clear from the instrument. Nationwide MutualIns. Co. v. Hall, 643 So.2d 551, 557 (Ala. 1994); Crigler v.Salac, 438 So.2d 1375, 1386; Brown Mechanical Contractors, Inc.v. Centennial Ins. Co., 431 So.2d 932, 945 (Ala. 1983).
The indemnity provision in the Maintenance Agreement contains clear and unequivocal language evidencing an intent on the part of Bagby (as indemnitor) to indemnify Humana (the indemnitee) for Bagby's acts of negligence. However, the facts of this case distinguish it from Industrial Tile and its progeny. According to this indemnity clause, Humana is entitled to indemnity only with respect to the "activities of Vendor," i.e., Bagby. Bagby did not agree to indemnify Humana for the results of Humana's own negligence; thus, this case is different from IndustrialTile. According to Humana's own admission, only Count III and Count IV allege acts of Bagby for which Humana might be found responsible or liable. Therefore, to require Bagby to indemnify Humana for its expenses in regard to all eight claims asserted by Baker, six of which may involve Humana's own actions, would contradict the rule set forth in Industrial Tile and its successor cases. A contract requiring the indemnitor to indemnify for the indemnitee's own negligence must clearly express the intent to make such an indemnification. In this case, the Maintenance Agreement is ambiguous with respect to whether Bagby was to indemnify Humana for the consequences of Humana's own acts. If the parties had intended for Bagby to indemnify Humana for the consequences of Humana's own acts, then they should have so provided by specific language in the Maintenance Agreement. These two parties are sophisticated business entities; their agreement was an arm's-length bargain for Bagby to indemnify Humana for the consequences of Bagby's acts. See Nationwide Mutual Ins. Co. v. Hall, supra.
The summary judgment is affirmed. Furthermore, because an affirmance is compelled by principles from Industrial Tile, a discussion of the other issues presented is not necessary.
AFFIRMED.
MADDOX, KENNEDY, INGRAM and COOK, JJ., concur.
[1] Bagby indicates on page 10 of its brief to this Court that Humana, at the hearing, represented that the amount at issue in the cross-claim was approximately $30,000.